ROME CABLE CORPORATION, Appellant, v. DONALD TANNEY, Defendant and Third-Party Plaintiff-Respondent-Appellant. ASSOCIATED TRANSPORT, INC., Third-Party Defendant-Appellant-Respondent.

Fourth Department, June 11, 1964.

*Copal Mintz* for third-party defendant-appellant-respondent.

*William J. Powers, Jr.,* and *Ronald C. Powers* for defendant and third-party plaintiff-respondent-appellant.

*Kernan & Kernan (Willis D. Morgan* of counsel), for appellant.

*Per Curiam.* This is an appeal by Associated Transport, Inc. (hereinafter '' Associated '') from that portion of a judgment which awards the third-party plaintiff money damages. Tanney and Rome Cable Corporation (hereinafter '' Rome '') also appeal from the same portion of the judgment only because of inadequacy. '' Rome '' also appeals from that portion of the judgment which awards attorneys' fees to Tanney payable from the amount awarded against '' Associated '' in his favor.

On August 18, 1955 Nicholas Frattasio, an employee of '' Associated '', was injured when struck by a fork lift truck owned by '' Rome '' and operated by its employee Tanney. The accident occurred while Tanney was assisting in the loading of trucks owned by '' Associated ''. Thereafter on April 13, 1956, the liability carrier for '' Rome '' settled the claim of Frattasio for personal injuries by paying him $16,750. A loan receipt in this amount was executed by '' Rome '' in favor of its carrier.

On July 12, 1958 '' Rome '' commenced an action against Tanney to recover the amount paid to Frattasio in settlement of his claim. '' Associated '', a foreign corporation and over the road hauler, had on file two bonds, one with the Commissioner of Motor Vehicles and the other with the Public Service Commission. Each bond was indemnified to a stated amount

by Seaboard Surety Company. In essence each bond was designed to protect against damages resulting from negligence in the use or operation in this State of vehicles of "Associated." Tanney upon being sued by "Rome" called upon "Associated" to defend which it refused to do disclaiming any responsibility. Tanney then commenced a third-party action against "Associated" to recover the amount, if any, "Rome" recovered against him together with the costs and expenses of his defense.

The action of "Rome" against Tanney is based on the theory that Tanney was the primary, active wrongdoer and "Rome" was only vicariously liable to Frattasio as Tanney's employer and thus secondarily and passively negligent. To succeed in this action "Rome" is required to prove by a fair preponderance of the evidence (1) that Tanney was negligent in causing the accident resulting in injury to Frattasio, (2) that Frattasio was not guilty of contributory negligence to any extent or degree, (3) that the settlement made with Frattasio was fair and reasonable, and (4) that its negligence was secondary and passive. Each of these elements was put at issue by Tanney's answer.

The issues were tried by the court without a jury. There were no formal findings of fact or conclusions of law but in lieu thereof, the court rendered a decision and opinion. From this decision it cannot be determined whether the court reached the conclusion that the negligence of Tanney was conceded because of settlement of the Frattasio claim or that it was established by the proof. Whichever road was used was error. Certainly the ex parte settlement by "Rome's" carrier was no concession by Tanney of his negligence. If the finding of negligence is bottomed on the proof as to the manner in which the accident happened, it is against the weight of evidence. As to the issues of Tanney's negligence and Frattasio's freedom from contributory negligence, this case was cavalierly tried to say the least. Frattasio's testimony as to how the accident happened was meager indeed. He gave practically no explanation of his own conduct at the time of the accident. Tanney called in his own behalf was not asked a single question on direct examination as to how the accident happened. Upon cross-examination by "Associated" he was asked four questions on this subject. The answers were not illuminating. Further inquiry in this area was frustrated by objections from "Rome" and Tanney on the ground that the inquiries were as to new matter and "Associated" was bound by the answers. The court ruled that "Associated" could pursue the inquiry by making Tanney

its witness. The atmosphere of the trial between "Rome" and Tanney was apparently to permit a judgment in favor of "Rome" and get on to litigating the third-party action against "Associated".

Tanney cannot recover against "Associated" in any event unless "Rome" has a firm and valid judgment against him. We conclude that "Rome" does not have such a judgment and that by the appeal of "Associated" from the judgment in favor of Tanney against it in the third-party action, the infirmities of the "Rome" judgment can be now challenged.

We are mindful of the fact that Tanney has not appealed from the "Rome" judgment. However, in the interest of justice, this judgment as well as the judgment in the third-party action must be reversed and new trials granted in each action. This will permit a full exploration of the negligence, if any, of Tanney, the contributory negligence, if any, of Frattasio, the reasonableness of the settlement of the claim of Frattasio, whether "Rome" as the employer of Tanney was guilty of negligence that contributed to the happening of the accident (*Opper* v. *Tripp Lake Estates*, 274 App. Div. 422) and also whether the third-party action may be bottomed on an ex parte settlement between Frattasio and "Rome".

It is also pointed out that the trial court in the original decision based the judgment in the third-party action on the bond filed with the Commissioner of Motor Vehicles whereas in a subsequent decision granting a motion to limit the liability of "Associated" to the amount specified in the bond, the court relied on the bond filed with the Public Service Commission.

Without passing on the determination the order limiting the liability of the third-party defendant is also reversed in the interest of justice. This will permit consideration of this problem as part of the new trial granted. In view of the determination herein made, we do not reach or pass upon any other issues raised on these appeals.

WILLIAMS, P. J., BASTOW, HENRY and NOONAN, JJ., concur; GOLDMAN, J., not participating.

Judgment in favor of Rome Cable Corp. against Tanney and in favor of Tanney against Associated Transport, Inc., and order unanimously reversed on the law and facts and in the interests of justice and a new trial granted as to the action and as to the claim over, with costs to Associated Transport, Inc., against Rome Cable Corp.