In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v. MICHAEL ELMAN, Respondent.— In a proceeding to stay arbitration, petitioner appeals from an order of the Supreme Court, Kings County, dated April 12, 1972, which denied the application. Order reversed, on the law, without costs, and application granted. We are of the opinion that, as a matter of law, respondent failed to give notification of the alleged hit-and-run accident to the police, as required in the "Indemnification Endorsement" in his automobile insurance policy, "within 24 hours or as soon as reasonably possible." He was allegedly injured by a hit-and-run vehicle on March 12, 1970. He did not report the accident to the police until April 10, 1970 — 29 days later. Admittedly, he visited his doctor on March 19, 1970 and again on March 27, 1970. The injuries consisted of a broken arm. This did not prevent him from notifying the police. Furthermore, his father resided with him, so that he could have utilized his services in informing the police of the occurrence. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

In the Matter of LONG ISLAND LIGHTING COMPANY, Appellant, v. JEROME A. AMBRO et al., Constituting the Town Board of the Town of Huntington, Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul respondents' determination dated June 20, 1972, denying petitioner's applications for approval of site and building plans for an electric generating unit, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated August 8, 1972, which granted respondents' motion to dismiss the proceeding pursuant to subdivision 1 of CPLR 7801 on the ground that respondents' determination was not final. Judgment reversed, on the law, without costs, and proceeding remanded to Special Term to proceed expeditiously in accordance with the views herein set forth. Although respondents' determination was not final, because it denied petitioner's applications pending submission of additional information, in our opinion it was reviewable (CPLR 7801, subd. 1; Town Law, § 267, subd. 7; Ellsworth Realty Co. v. Kramer, 268 App. Div. 824; Matter of Peckham Ind. v. Ross, 60 Misc 2d 566, affd. on other grounds 34 A D 2d 826). However, further proceedings at Special Term are required to resolve the dispute evidenced in the papers before this court over whether information not placed before respondents is pertinent to their decision and capable of being acquired. Respondents' return should be filed at once; and the proceeding set down for a preferred and speedy trial, with the right to the losing party to seek a quick appeal. Rabin, P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.