Jacob Markowitz, J.
This motion to vacate and quash a subpoena duces tecum served upon the accountant of the judgment debtor or in the alternative to limit the subpoena to the 1971 and 1972 income tax returns is denied. Clearly, - pursuant to CPLR 5223 ‘1 all matter relevant to the satisfaction of the judgment ” is discoverable and the public policy is “to put no obstacle in the path of one seeking to secure the enforcement of a judgment of a court of competent jurisdiction.” (Leonard v. Wargon, 55 N. Y. S. 2d 626, 627.) Since the judgment debtor has chosen to place herself without the court’s jurisdiction, the judgment creditor has been forced to seek information from the joint income tax returns of defendant and her husband, possessed by the movant. Although the husband protests the disclosure, his willingness to file a joint return has created an instrument which is both his and his wife’s, and subject to production. Not only the 1971 and 1972 returns are important but all the ones from the time of the transfer of funds by the judgment debtor. Accordingly, the movant is directed to comply with the subpoena within 30 days after service of a copy of this order with notice of entry.