INSURANCE COMPANY OF NORTH
AMERICA, Appellant,

v.

FIRE INSURANCE EXCHANGE,
Appellee.

No. 5396.

Court of Civil Appeals of Texas,
Waco.

June 26, 1975.

Rehearing Denied July 24, 1975.

See also, Tex.Civ.App., 508 S.W.2d 703.

Thompson, Coe, Cousins & Irons, Larry L. Gollaher, Dallas, for appellant.

Touchstone, Bernays & Johnston, Porter K. Johnston, Dallas, for appellee.

HALL, Justice.

Gene Burks owns and operates a restaurant in Royse City, Texas, known as "Burks

Barn." The appellee, Fire Insurance Exchange (hereinafter called "F.I.E.") began insuring the restaurant against fire loss in June, 1968. The premiums were paid monthly by Burks. From time to time, as he enlarged the place, Burks would increase his coverage. On September 18, 1971, Burks increased the fire insurance on the building from $30,000 to $80,000 and on the contents from $10,000 to $20,000. This called for an examination of the property by F.I.E.'s underwriting department, which was done, and necessitated a change in the records of F.I.E.'s subsidiary company in charge of premium collections. In November, 1971, confusion developed between F.I.E.'s underwriting department and its premium collection subsidiary and its agent who was dealing with Burks, and between the agent and Burks, as to whether F.I.E.'s policy would or would not lapse or be cancelled effective December 17, 1971. Because of this uncertainty, Burks secured a fire policy binder from the appellant, Fire Insurance Company of North America ("INA"), effective December 17, 1971, insuring the restaurant building for $50,000 and its contents for $10,000.

Excepting the amount of coverage, the F.I.E. policy and the INA binder contained identical terms. They were on or were to be written on a Texas standard fire policy form; both insured the same property and the same insured; each prohibited other fire insurance; and both contained the following pro rata liability clause:

"This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the Peril involved, whether collectible or not."

On December 24, 1971, the restaurant building and its contents were substantially damaged by fire. F.I.E. refused to make payment under its policy. On February 21, 1972, INA paid Burks $60,000 and took in exchange therefor a "loan receipt" from Burks which provided that the loan was to be repayable by Burks to INA without interest and only in the event of and to the extent of any recovery that Burks might obtain from F.I.E. It was also provided in the loan receipt that INA would control any litigation by Burks against F.I.E.

Thereafter, Burks initiated this lawsuit against F.I.E. to recover $100,000 upon the F.I.E. policy. F.I.E. answered with a general denial and a special plea that the policy sued upon had been cancelled prior to the fire. It did not plead the pro rata liability clause in its response to Burks' suit. It impleaded and filed a third-party claim against INA, alleging that the $50,000/$10,000 binder issued by INA was effective at the time of the fire. F.I.E. asserted that it was entitled to contribution from INA in the full amount of INA's policy, or to contribution in accordance with the pro rata liability clauses in the policies of both companies, or to indemnity. INA joined issue with a general denial.

The original claim and the third-party claim were tried together before a single jury. On the trial, all parties stipulated that the amount of the damage to the restaurant contents was $29,799. Seven special issues were submitted to the jury. In its answers to the issues, the jury failed to find that the restaurant building was a total loss; found that the market value of the building before the fire was $80,000, and after the fire was $2,000; and failed to make findings in support of F.I.E.'s special defense of policy cancellation.

No issues concerning F.I.E's third-party claim against INA were submitted to the jury.

In the judgment, the court made the following conclusions of fact and law: That INA's $50,000/$10,000 binder was issued on December 17, 1971, prior to the fire, and was an "unconditional binder"; that when INA's agent issued its binder, he had "full knowledge" that either Gene Burks was

covered by fire insurance issued by F.I.E. or that there was a dispute concerning whether the F.I.E. policy was cancelled; that "with full knowledge of all of the circumstances surrounding Gene Burks' coverage with Fire Insurance Exchange," INA's agent failed to show the existence of any co-insurance on the binder; that the insurance contracts of both F.I.E. and INA "covered the same subject matter owned by the same person, Gene Burks"; that Burks executed a loan receipt to INA in consideration of a $60,000 payment to him, "with control of any litigation left to INA to the extent of its $60,000"; that the pro rata liability clauses in both fire insurance contracts are identical; that "with full knowledge of the existence of prior insurance or a dispute concerning whether or not said prior insurance of the Fire Insurance Exchange was in force and effect when the Insurance Company Of North America binder was written", INA, through its authorized general agent, waived its right to refuse to write the binder on December 17, 1971; that the coverage set forth in the binder constituted valid and collectible insurance at the time of Burks' fire loss; and that INA is estopped to deny that its coverage was in force and effect at the time of the loss.

Based upon the verdict, and the stipulation that the restaurant contents loss was $29,799, and the conclusions made by the court, judgment was rendered that Burks recover $98,000 from F.I.E., and that F.I.E. have contribution from INA in the amount of $30,000, "representing [INA's] pro rata share of Five-Thirteenths (⁵⁄₁₃ths) of Seventy-eight Thousand ($78,000.00) Dollars partial damage to the Burks' building," and in the amount of $9,933 "representing [INA's] pro rata share of One-Third (⅓) of the Twenty-nine Thousand Seven Hundred Ninety-nine ($29,799.00) Dollars total loss to the building contents." Upon these awards, further orders were made allowing interest on Burks' recovery from F.I.E. from the date of his loss, and allowing interest on F.I.E.'s recovery from INA from the date

of judgment, and taxing the court costs ⅝ to F.I.E. and ⅜ to INA.

Only INA appeals. INA states in its brief that F.I.E. has fully satisfied the judgment in favor of Gene Burks.

■ F.I.E. is not entitled to contribution from INA, and the court's judgment in this respect is erroneous. F.I.E. and INA did not share a common liability toward Burks; their obligations were separate and independent. They were not coinsurers. This is manifested by the pro rata liability clauses in their policies. The controlling rule is set forth in Traders & General Ins. Co. v. Hicks Rubber Co., 140 Tex. 586, 169 S.W.2d 142, 148 (1943), as follows:

It is the general rule that, if two or more insurers bind themselves to pay the entire loss insured against, and one insurer pays the whole loss, the one so paying has a right of action against his coinsurer, or coinsurers, for a ratable proportion of the amount paid by him, because he has paid a debt which is equally and concurrently due by the other insurers. On the other hand, it is also the general rule that, if each of several insurers contracts to pay such proportion of the loss as results from the destruction of the thing insured, as the amount insured by such insurer bears to the whole insurance effected on the thing insured, none of such insurers has any right to contribution from the others, nor will the payment of the whole loss by any of them discharge the liability of the others. This is because in such a case the contracts are several, and independent of each other. 29 Amer.Jur., p. 998, § 333, and authorities there cited. Since each of the two insurance contracts here involved contains a clause confining each insurer's liability to a proportion of the loss, the rights of these two companies must be governed by the rule that one insurer paying more than his proportionate part cannot recover such excess from the other insurer.

The rule in *Hicks* was restated and reaffirmed by our Supreme Court in Employers Casualty Co. v. Transport Insurance Co. (Tex.Sup., 1969), 444 S.W.2d 606.

INA's first and seventh points of error are sustained. That part of the judgment awarding Burks a recovery against F.I.E. is not in question and is, of course, affirmed. Those parts of the judgment allowing F.I.E. a recovery against INA are reversed, and judgment is here rendered that F.I.E. take nothing on its third-party claim against INA. All costs of the trial and this appeal are taxed against F.I.E. INA's remaining complaints become immaterial with these modifications of the judgment.

Modified and affirmed.