■ GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant, et al., Defendants.—In an action by an insurer, *inter alia,* to recover from another insurer the amount paid out on a claim of fire loss in excess of its pro rata share, defendant Travelers Insurance Company appeals from an order of the Supreme Court, Nassau County, dated April 14, 1977, which denied its motion for reconsideration of the denial of its prior motion for summary judgment and, in so doing, denominated the motion as one for reargument. By order dated June 16, 1977, this court denied plaintiff's motion to dismiss the appeal, holding "that the order in question is one which denied a motion to renew and reconsider rather than a motion for reargument and is thus appealable." Order reversed, on the law, with $50 costs and disbursements, motion granted, and, upon renewal, motion for summary judgment granted. In April, 1973 the defendant-appellant, Travelers Insurance Company, issued a homeowner's policy to defendant Tommie Simmons. The policy covered, *inter alia,* the peril of fire to Simmons' home at 1496 Little East Neck Road in Wyandanch, New York. The terms and conditions of Travelers' policy were set forth in the certificate of insurance and in a booklet which was issued with the certificate of insurance. The relevant provisions of the policy state: "Pro rata liability. This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not." A further condition states: "5. Certain Other Insurance Not Permitted: Other insurance covering the property insured is not permitted except against losses not insured against under this policy or unless this policy is otherwise endorsed." The Travelers policy was not indorsed to permit other insurance; Travelers claims that it did not consent to, or have knowledge of, the existence of other insurance on the property. It appears, however, that the claimant, defendant Tommie Simmons, procured additional fire insurance on the premises from Government Employees Insurance Company (GEICO). GEICO's policy also contained the pro rata liability provision. Neither of the insurance companies was aware of the other policy

on the premises. On November 8, 1974 a fire occurred at the insured premises and caused substantial damage. Simmons submitted a claim to both insurance companies. Apparently Travelers became suspicious and, after investigation, discovered that Simmons had insured the premises with GEICO. Travelers then requested that Simmons submit a sworn proof of loss statement. The statement submitted by Simmons contained a declaration that there "was no policy or other contract of insurance, written or oral, valid or invalid." In the meantime, GEICO was in the process of making payment to Simmons. After receiving the sworn proof of loss statement, Travelers contacted GEICO and informed it of the double insurance. At that point GEICO had already issued a check to reimburse Simmons for the loss. Thereafter, Travelers and GEICO entered into negotiations as to how the loss should be distributed between them. Travelers made an offer to bear a part of the loss, but only on condition that GEICO sue Simmons to recover the amount paid. The proposed agreement was in the form of a loan. Travelers would lend $25,194 to GEICO, without interest, that amount repayable only in the event, and to the extent, that any net recovery was had from Simmons. Under that proposed agreement, litigation expenses were to be apportioned on a ratio of "53 over 93 for Travelers" and "40 over 93 for GEICO." *GEICO refused this offer.* Shortly thereafter GEICO commenced suit against Travelers. After issue was joined, Travelers moved for summary judgment on the ground that it had no liability to GEICO under its policy. Special Term denied Travelers' motion because: (1) it had failed to include a copy of the certificate of insurance containing the terms of the statutory fire insurance policy in its papers; (2) there was no evidentiary showing that the insurance policies issued by GEICO and Travelers insured the same property against the same peril; and (3) there was insufficient proof that Simmons willfully intended to defraud the parties. Travelers moved for renewal and reconsideration and included in its papers a copy of the certificate of insurance. This appeal is from the denial of that motion. The order must be reversed. To begin with, it was error for Special Term to deny summary judgment on the ground that there had been no evidentiary showing that the insurance policies issued by GEICO and Travelers covered the same property for the same peril. These are basic elements of the plaintiff's action for contribution (see 46 CJS, Insurance, § 1207, pp 150-151). Therefore Travelers need not show that there is an identity of risk, for both parties have made that showing a basic assumption of this litigation. Assuming that the risk insured by GEICO and Travelers was identical, GEICO has no legal right to contribution from Travelers. Each of the insurance policies contained a pro rata clause limiting the liability of the insurance company to a proportion of the claimed loss. That proportion would be based upon the amount of their insurance in relation to the total insurance on the property. In effect, each insurer insisted upon an independent contract with its insured, refusing to share liability with any other insurer. The majority rule is that where a pro rata clause is included in the insurance policy, no action for contribution lies, absent a specific agreement between insurers *(Insurance Co. of North Amer. v Fire Ins. Exch.,* 525 SW2d 44 [Tex]; 16 Couch, Insurance [2d ed], § 62:157, pp 568-569). The plaintiff does not seriously contest this rule, but instead claims that Travelers has waived its right to refuse contribution by negotiating with GEICO to share the loss. This argument is without merit. Travelers made no absolute commitment to share the loss with GEICO. Instead Travelers offered to share the loss if GEICO would agree to sue to regain the moneys paid to Simmons. In short, Travelers made an offer which GEICO foolishly rejected.

GEICO cannot now insist that Travelers has agreed to share the loss on any terms. There is no basis for an imposition of liability upon Travelers to pay contribution to GEICO. Accordingly, Travelers' motion for summary judgment should have been granted. Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.