■ ASSOCIATED MUTUAL INSURANCE COMPANY et al., Respondents, v FIREMEN'S FUND INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered June 27, 1980 in Albany County, which denied defendant's motion for consolidation and granted plaintiffs' motion for summary judgment on the issue of liability. At issue in this matter is whether an insurer who settles a claim by paying a larger portion of its coverage on a fire policy containing a pro rata clause than it would have had to pay is entitled to contribution from another insurer who also issued a fire policy with a pro rata clause covering the same risk. The pertinent underlying facts are as follows: the three plaintiffs and the defendant each issued a fire insurance policy to the New Carpenter Laundry, Inc. Each policy was for an identical amount and each represented 25% of the total risk. There was $150,000 coverage on the building, $240,000 on the contents, and $100,000 on business continuity. The laundry was destroyed by fire on March 6, 1976 and the loss was determined to be $403,738.32. Each of the plaintiffs paid 25% of the loss but the defendant paid only 12½%. Defendant claimed that the other 12½% had been canceled prior to the fire. The plaintiffs paid the additional 12½% and seek from defendant the amount they paid over their share. Defendant moved to dismiss the complaint for failure to state a cause of action. Special Term denied the motion. Defendant then served an answer and demand for a bill of particulars. Plaintiffs moved for summary judgment on the question of liability and defendant moved for an order consolidating the instant action with an action brought by the laundry and its owner against the defendant. Special Term denied the consolidation motion as premature because no pleadings had been served in the second action and granted plaintiffs' motion for summary judgment based on the court's finding that plaintiffs had a cause

of action for contribution and that defendant would be liable therefor if the policy was in effect on the day of the fire.[*] It is undisputed that the four original fire insurance policies issued by plaintiffs and the defendant contained a pro rata clause in the form prescribed by subdivision 5 of section 168 of the Insurance Law, to wit: "This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not." Defendant contends that there is no common or concurrent liability between the parties here since the contracts of insurance, having pro rata clauses, were independent of each other and the payments made by plaintiffs above their pro rata shares were voluntarily made and are, therefore, not recoverable from the defendant. We concur. Absent an agreement amongst pro rata insurers with respect to adjusting and apportioning a loss, no right of contribution exists in favor of any of them *(York-Buffalo Motor Express v National Fire & Mar. Ins. Co.,* 294 NY 467; *Government Employees Ins. Co. v Travelers Ins. Co.,* 63 AD2d 957; *Lucas v Jefferson Ins. Co.,* 6 Cow 635).* The motion for summary judgment was improperly granted to the plaintiff since the pleadings and supporting affidavits clearly disclose that plaintiffs have no cause of action against defendant. Order reversed, on the law, with costs; motion by plaintiffs denied and summary judgment granted to defendant. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

---

[*] Following service of a complaint in the second action, defendant moved for renewal of its motion for consolidation and also for vacatur of the order granting summary judgment to plaintiffs. We have been advised that by decision dated April 11, 1980, Special Term, upon renewal, granted consolidation but adhered to its prior determination granting judgment to plaintiffs.