OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Defendant, a tenant in a building owned by plaintiff, had, pursuant to the lease with the previous owner, an option which gave the tenant, so long as in good standing, *1091 the right “For One (1) Year from date hereof to Purchase these premises” at a specified price. The lease was dated August 8, 1978 and provided that its term would commence on August 15, 1978 and run for five years until August 15, 1983. When tenant attempted to exercise her option on August 14, 1979, the new owner, who had purchased the property subject to the lease and its option, refused to accept the tenant’s letter on the grounds that it was untimely. The landlord interpreted the option to have expired on August 7, 1979. This action was brought by the landlord seeking a declaratory judgment of the terms of the lease and option and to have the tenant removed in a holdover summary proceeding.
Supreme Court held that the option had expired on August 7, 1979. The Appellate Division reversed, finding that, on the basis of the evidence submitted, August 15 was the controlling date of the lease. We agree with the Appellate Division that the weight of the credible evidence lies with the determination that the option was to be effective up to August 15, 1979. Thus, defendant’s attempt to exercise that option on August 14,1979 should have been given effect by the landlord unless he could establish that the tenant was not in good standing as required by the terms of the option.
The landlord has raised several arguments that he claims support his allegation that the tenant was not in good standing. All the allegations are de minimis in nature and the plaintiff has failed to show any prejudice resulting from the tenant’s alleged breach of the terms of the lease. We conclude that there is no substance to the contentions advanced by the landlord that the tenant was not in good standing within the contemplation of the lease. In this case, the Appellate Division found that none of the alleged breaches were material and that the landlord was not prejudiced thereby.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed, with costs, in a memorandum.