■ PANORAMIC VIEW, INC., Respondent, v BELLPORT REALTY CO., INC., Appellant. — In an action for specific performance of an option to purchase real property contained in a realty lease agreement, defendant appeals from a judgment of the Supreme Court, Suffolk County (DeLuca, J.), entered January 19, 1983, which, *inter alia,* ordered it to convey title to the plaintiff of the real property referred to in the lease. ¶ Judgment affirmed, with costs. ¶ Irrespective of whether the option was timely exercised (cf. *Restoration Realty Corp. v Robero,* 58 NY2d 1089), defendant's acceptance of the notice and retention and use of the payments tendered pursuant thereto constituted an acceptance of the offer. Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.

■ SAM PENSO et al., Appellants, v JOSEPH PISCIONE, Respondent, et al., Defendant. — Appeal by plaintiffs from an order of the Supreme Court, Kings County (Hirsch, J.), dated February 28, 1983, which, among other things, granted the motion of defendant Piscione to, *inter alia,* vacate his default in answering and to direct plaintiffs to accept service of his answer, and directed that the insurance carrier for defendant Piscione pay plaintiff $350 costs. ¶ Order modified, as an exercise of discretion, by increasing the amount payable to plaintiffs as costs to $750. As so modified, order affirmed, with costs to the plaintiffs. The defendant Piscione's time to comply with that part of the order directing the payment of costs to plaintiffs is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. ¶ Under the circumstances of this case, the sanction imposed was inadequate to the extent indicated. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.

■ LORAN W. ROBBINS et al., as Trustees of Central States Southeast and Southwest Areas Pension Fund, Respondents, v NATIONAL DEVELOPMENT CORP., INC., et al., Defendants. FAY GREEN, Nonparty Appellant. — In a proceeding to enforce a money judgment, nonparty witness Fay Green appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered July 6, 1983, which denied her motion pursuant CPLR 5240 for a protective order limiting the scope of a subpoena duces tecum. ¶ Order modified by adding thereto a provision granting appellant's motion to the extent of limiting the examination and the documents to be produced thereat to the period subsequent to April 30, 1979. As so modified, order affirmed, with costs to appellant. The examination shall proceed at the Dutchess County Courthouse on a date and at a time to be specified in a notice of not less than 10 days to be served by plaintiff or at such time and place as the parties may agree. ¶ Under the facts of this case, the examination and document production should encompass only the period commencing with the month and year in which appellant's husband, Hyman Green, one of the judgment debtors, made the personal guarantee upon which the judgment against him was based (see CPLR 5223; *Gorea v Pinsky,* 50 AD2d 713; *Siemens & Halske, Gmbh. v Gres,* 77 Misc 2d 745, affd 43 AD2d 1021). Titone, J. P., Rubin, Boyers and Eiber, JJ., concur.