UNIGARD SECURITY INSURANCE COMPANY, INC., successor to Unigard Mutual Insurance Company, Inc., Plaintiff–Appellant,

v.

NORTH RIVER INSURANCE COMPANY, Defendant–Appellee.

No. 197, Docket 91–7534.

United States Court of Appeals, Second Circuit.

Nov. 26, 1991.

Before WINTER, ALTIMARI, Circuit Judges, and POLLACK, District Judge.*

## ORDER

On consideration of the briefs and records and the oral argument in this appeal, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate in the form attached, together with a complete set of the briefs, appendix, and record filed by the parties with this court.

## APPENDIX

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Docket No. 91–7534

Filed November 26, 1991

UNIGARD SECURITY INSURANCE COMPANY, INC., successor to UNIGARD MUTUAL INSURANCE COMPANY, INC., *Plaintiff–Appellant,*

—v.—

NORTH RIVER INSURANCE COMPANY, *Defendant–Appellee.*

Certificate to the New York Court of Appeals (pursuant to McKinney's Revised 1991 New York Rules of Court § 500.-17(b)—certification of unsettled questions of state law)

Unigard Security Insurance Company, Inc. ("Unigard") is a Washington corpora-

---

* Of the Southern District of New York, sitting by designation.

tion with its principal place of business in Seattle. It is a successor to Unigard Mutual Insurance Company, Inc. ("Unigard Mutual"). North River Insurance Company ("North River") is a New Jersey corporation with its principal place of business in New Jersey. It is a subsidiary of Crum and Forster, Inc.

In 1974, North River issued a high layer excess insurance policy to Owens–Corning Fiberglass Corporation ("Owens–Corning"), a manufacturer of asbestos-containing insulation. The policy provided coverage in the amount of $30 million in each of two policy periods and attached in excess of $76 million of underlying excess and primary coverage. The policy also provided coverage of $25 million during a third policy period with similar underlying limits. Unigard issued a facultative reinsurance certificate to North River reinsuring North River for a portion of the risk of loss under the Owens–Corning excess liability policy. The Unigard facultative certificate, which was issued in New York and is governed by New York law, requires North River to provide Unigard with prompt notice of "any occurrence or accident which appears likely to involve" the reinsurance.

In August 1987, North River sent precautionary notice to Unigard under the facultative certificate advising Unigard of potential asbestos-related losses to be incurred by North River by Owens–Corning excess policy. Unigard did not receive that notice until September 2, 1987. North River thereafter submitted reinsurance claims to Unigard and its other reinsurers on the Owens–Corning risk.

After receiving North River's precautionary notice, Unigard commenced a declaratory judgment action in February 1988 in the United States District Court for the Southern District of New York. Unigard sought a declaration that it owed no obligation to reinsure North River under the facultative certificate in respect of Owens–Corning asbestos losses. This action was based upon Unigard's claim that the notice it received from North River in September 1987 was late under the terms of the facultative certificate. North River counterclaimed for monetary damages and a declaration that Unigard was obligated to pay future Owens–Corning claims under the facultative certificate.

After a nine-day bench trial, the district court concluded that North River's notice obligation was triggered in April 1987. *Unigard Sec. Ins. Co. v. North River Ins. Co.*, 762 F.Supp. 566, 591 (S.D.N.Y.1991). However, Unigard was not notified until September 2, 1987, over five months later. The district court held that, under an objective standard, this notice was untimely. *Id.* But the district court rejected Unigard's late-notice defense, because it believed that New York law required a reinsurer to demonstrate prejudice arising from late notice and Unigard had not shown such prejudice. *Id.* at 592–94. Judgment was entered for North River.

Unigard appealed to this court, arguing that under New York law a reinsurer should not be required to prove prejudice in order to successfully assert a late-notice defense. In support, Unigard relies upon the New York rule that a direct insurer may successfully invoke the defense of untimely notice of loss without showing prejudice. *See, e.g., Security Mut. Ins. Co. v. Acker–Fitzsimons Corp.*, 31 N.Y.2d 436, 440, 293 N.E.2d 76, 78, 340 N.Y.S.2d 902, 905 (1972). North River argues that the rationale for applying this "prejudice per se" rule in the direct insurance context does not exist in the reinsurance context, and thus New York's general principle that a contract must be enforced absent material breach or prejudice should apply. *See, e.g., Restoration Realty Corp. v. Robero*, 58 N.Y.2d 1089, 1091, 449 N.E.2d 705, 706, 462 N.Y.S.2d 811, 812 (1983).

This court has found no New York appellate court decision addressing the question of whether a reinsurer must prove that it was prejudiced by untimely notice of loss in order to successfully invoke a late-notice defense. The only New York trial court decision to address the issue held that a reinsurer is required to demonstrate preju-

dice. *General Ins. Co. v. Nutmeg Ins. Co.,* No. 6213–85 (N.Y.Sup.Ct. July 24, 1987).[1]

The unsettled question that should be decided by the New York Court of Appeals is as follows:

> Must a reinsurer prove prejudice before it can successfully invoke the defense of late notice of loss by the reinsured?

This question should be decided by the New York Court of Appeals at this time because determination of the legal requirements for the assertion of a late-notice claim in the reinsurance context is important to purchasers and sellers of reinsurance issued in New York and to the reinsurance industry. Moreover, the issue directly implicates New York's interest in the interpretation and enforcement of reinsurance contracts executed within its borders.

The issue has been addressed in two other recent federal cases, and has given rise to a split of authority within the Southern District of New York. *Compare Christiana Gen. Ins. Corp. v. Great Am. Ins. Co.,* 745 F.Supp. 150 (S.D.N.Y.1990) (holding that reinsurer must demonstrate prejudice to prevail on late-notice defense), *appeal docketed,* No. 91–7912 (2d Cir. Sept. 23, 1991); *with Travelers Ins. Co. v. Buffalo Reins. Co.,* 735 F.Supp. 492 (reinsurer need not prove prejudice), *vacated in part,* 739 F.Supp. 209 (S.D.N.Y.1990).

There is no New York Court of Appeals precedent on point, and New York has a strong interest in deciding the issue certified rather than having as the only precedents on point a single state trial court decision and conflicting federal court opinions.

The question herein presented is likely to recur, and its resolution at this time by the New York Court of Appeals would aid in the administration of justice.

1. A copy of this slip opinion is included in the "Addendum of Authorities to Brief of Defen-

The foregoing is hereby certified to the Court of Appeals for the State of New York as ordered by the United States Court of Appeals for the Second Circuit.

Dated at New York, New York, this 26th day of November, 1991.

/s/ ELAINE B. GOLDSMITH
Clerk of the United States Court of Appeals for the Second Circuit

dant–Appellee" as Addendum 1.