## AMERICAN HOME ASSURANCE COMPANY, Plaintiff–Appellant,

v.

## REPUBLIC INSURANCE COMPANY and United National Insurance Company, Defendants–Appellees.

### No. 207, Docket 92–7424.

United States Court of Appeals, Second Circuit.

Argued Oct. 5, 1992.

Decided Jan. 22, 1993.

Seymour H. Metnick, New York City (Scott H. Seskin, Metnick & Schuchman, of counsel), for plaintiff-appellant.

Andrew J. Entwistle, New York City (Anna B. Cline, Moore Wohl & Newman, of counsel), for defendants-appellees.

Before: VAN GRAAFEILAND, PRATT and ALTIMARI, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

American Home Assurance Company appeals from a summary judgment of the United States District Court for the Southern District of New York (Lasker, J.) dismissing its action for contribution against Republic Insurance Company and United National Insurance Company ("appellees"). American Home, a first level excess insurer, is seeking to require appellees, second level excess insurers, to contribute to a settlement, made by American Home without appellees' approval, which exhausted first level excess coverage and invaded second level excess coverage. The district court rejected American Home's claim because appellees had not been given timely notice of loss. We affirm. Because Judge Lasker's comprehensive and well-reasoned opinion is reported, 788 F.Supp. 214, (S.D.N.Y.1992), we need add little to what already has been said. We write briefly in response to certain arguments made by American Home on appeal.

At the outset, we may dispose quickly of American Home's specious assertion of lack of diversity, which is based upon the district court's juxtaposition of language in footnote 1 of its opinion, *id.* at 215, where it said "the parties' principal place of business is here." The fact of the matter, as alleged in American Home's complaint, is that American Home alone is a New York corporation; appellees are not.

American Home's misconstruction of the New York Court of Appeals' opinion in *Unigard Security Ins. Co. v. North River Ins. Co.*, 79 N.Y.2d 576, 584 N.Y.S.2d 290, 594 N.E.2d 571 (1992), has equally little to recommend it. When that case was before this court, 949 F.2d 630 (1991), we requested the New York Court of Appeals by certification to advise us whether, under New York law, a reinsurer must prove prejudice before it can invoke successfully the defense of late notice of loss. *Id.* at 632. In holding that proof of prejudice was required, the New York Court of Appeals distinguished between reinsurers, which in essence insure other insurance companies, and insurers providing protection for ultimate insureds, which the court aptly described as "primary" insurers. 79 N.Y.2d at 582–83, 584 N.Y.S.2d 290, 594 N.E.2d 571.

The word "primary" is used also in the field of excess insurance to distinguish coverage which attaches immediately upon the happening of an occurrence, from excess coverage, which attaches only after a predetermined amount of "primary" coverage has been exhausted. *See Hartford Accident & Indem. Co. v. Michigan Mutual Ins. Co.*, 93 A.D.2d 337, 338–39, 462 N.Y.S.2d 175 (1983), *aff'd* 61 N.Y.2d 569, 475 N.Y.S.2d 267, 463 N.E.2d 608 (1984); *Union Indem. Ins. Co. v. Certain Underwriters at Lloyd's*, 614 F.Supp. 1015, 1017 (S.D.Tex.1985); B. Ostrager & T. Newman, *Handbook on Insurance Coverage Disputes* § 6.03[a] (5th ed.). Seizing upon this usage of the word "primary", American

Home contends that appellees are "excess" insurers, not "primary" ones, and therefore they are required to show prejudice.

In making this argument, American Home overlooks the well-established rule of construction to the effect that words can take on different meanings in different contexts. "A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne v. Eisner,* 245 U.S. 418, 425, 38 S.Ct. 158, 159, 62 L.Ed. 372 (1918); *see In re Fidelity Mortgage Investors,* 690 F.2d 35, 38 (2d Cir.1982), *cert. denied,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983). Thus, the word "primary" may be used in one context to distinguish coverage, that attaches immediately upon the happening of an occurrence, from "excess" coverage, while in another context it may be used to distinguish coverage, written directly for the insured, from coverage that indemnifies the direct or "primary" insurer. It is in the latter context that the New York Court of Appeals used the word "primary" in *Unigard.*

In holding that the notice of loss in the instant case was not timely, the district court stated that Mobile must have realized within a few days after the accident in which five people were killed that there was a serious likelihood that a recovery would exceed the $5,300,000 of primary coverage. 788 F.Supp. at 218. American Home contends that this statement did not lay a proper foundation for a grant of summary judgment since a "material factual question[ ]" existed as to whether a reasonable jury would so find. Assuming for the sake of argument that this contention has merit, it overlooks the district court's additional uncontroverted findings that on August 29, 1986 and again on September 22, 1986 American Home had been notified by counsel of the probability of a "huge recovery by plaintiffs." *Id.* at 217. By American Home's own admission, its earliest notice to appellees was not sent until October 28, a delay of at least thirty-six days. Putting aside the question whether the notice was adequate, it clearly was untimely. New York courts have held as a matter of law on numerous occasions that similar inexcusable delays in providing notice discharged an insurer's obligation to provide coverage. *See Rushing v. Commercial Casualty Ins. Co.,* 251 N.Y. 302, 304, 167 N.E. 450 (1929) (22 days); *Haas Tobacco Co. v. American Fidelity Co.,* 226 N.Y. 343, 345, 123 N.E. 755 (1919) (10 days); *Quinlan v. Providence Washington Ins. Co.,* 133 N.Y. 356, 362, 31 N.E. 31 (1892) (33 days); *Power Authority of New York v. Westinghouse Elec. Corp.,* 117 A.D.2d 336, 342–43, 502 N.Y.S.2d 420 (1986) (53 days); *Government Employees Ins. Co. v. Elman,* 40 A.D.2d 994, 338 N.Y.S.2d 666 (1972) (mem.) (29 days); *Vanderbilt v. Indemnity Ins. Co.,* 265 A.D. 495, 496, 39 N.Y.S.2d 808 (1943) (28 days); *Reina v. United States Casualty Co.,* 228 A.D. 108, 239 N.Y.S. 196 (1930) (26 days), *aff'd,* 256 N.Y. 537, 177 N.E. 130 (1931); *Gullo v. Commercial Casualty Ins. Co.,* 226 A.D. 429, 434, 235 N.Y.S. 584 (1929) (13 days). Particularly relevant to the issue of improper delay is the undisputed fact that, during the period between September 22 and October 28, American Home was conducting settlement negotiations bearing directly on appellees' interests.

We are not persuaded by American Home's argument that it should have been allowed additional discovery. Notice of loss under appellees' policies was required to be given "by or on behalf" of the insured. Information coming to appellees from any other source would not satisfy the policy requirements. *Heydt Contracting Corp. v. American Home Assurance Co.,* 146 A.D.2d 497, 499, 536 N.Y.S.2d 770 (mem.), *appeal dismissed,* 74 N.Y.2d 651, 542 N.Y.S.2d 520, 540 N.E.2d 715 (1989); *see also Insurance Co. of North Am. v. Waldroup,* 462 F.Supp. 161, 162 (M.D.Ga. 1978). No one knows better than American Home and its insured whether any notices additional to those already before the court were given. There was no error in the district court's denial of American Home's "fishing expedition" contention that it "was entitled to review all documents created from December, 1985 to

1990, regardless of whether or not United National and Republic come to a legal conclusion as to what is and what is not responsive." Appellant's Reply Brief at 19.

■ We agree with the district court's holding that appellees' failure to promptly disclaim coverage did not constitute a waiver of their defense pursuant to section 3420(d) of New York's Insurance Law. 788 F.Supp. at 218. In *Ogden Corp. v. Travelers Indem. Co.*, 739 F.Supp. 796 (S.D.N.Y. 1989), *aff'd*, 924 F.2d 39 (2d Cir.1991), the district court, citing New York authority, held that section 3420(d) did not apply to out-of-state accidents, at least where they did not bear a substantial relation to New York. *Id.* at 803. In view of our affirmance in that case, and in the absence of any subsequent New York authority to the contrary, the court below correctly held section 3420(d) inapplicable herein.

■ Because the district court did not discuss the common law rule governing delayed disclaimer, we note that under the New York common law rule, "only where prejudice as a result of the unreasonable delay is shown by adequate proof is the insurer estopped from asserting noncoverage." *Western World Ins. Co. v. Jean & Benny's Restaurant, Inc.*, 69 A.D.2d 260, 263, 419 N.Y.S.2d 163, *appeal dismissed*, 48 N.Y.2d 653, 421 N.Y.S.2d 202, 396 N.E.2d 485 (1979); *see also Grening v. Empire Mutual Ins. Co.*, 101 A.D.2d 550, 553, 475 N.Y.S.2d 423 (1984). Here, American Home had agreed, in substance at least, to the terms of its settlement with the claimants before appellees even received American Home's notice of loss. Appellees' subsequent refusal to contribute to the consummated settlement did not constitute prejudicial delay which estopped it from denying coverage.

Because American Home's remaining arguments are not of sufficient substance or precedential value to even merit discussion, we affirm. In so doing, we are not unmindful of the apparent inequity of permitting excess carriers such as appellees to avoid contribution on the ground of late notice of loss without a showing of some prejudice of substance resulting from the delay. However, even if the decisive factor of late notice were not in the instant case, the probability of recovery by American Home would be questionable at best. Volunteer settlements do not always produce equitable results. *See Associated Mutual Ins. Co. v. Firemen's Fund Ins. Co.*, 81 A.D.2d 949, 950, 439 N.Y.S.2d 706 (1981) (mem.), *aff'd*, 56 N.Y.2d 676, 451 N.Y.S.2d 731, 436 N.E.2d 1333 (1982); *Government Employees Ins. Co. v. Travelers Ins. Co.*, 63 A.D.2d 957, 958, 405 N.Y.S.2d 492 (1978) (mem.); *Trojcak v. Wrynn*, 45 A.D.2d 770, 357 N.Y.S.2d 32 (1974) (mem.); *Rome Cable Corp. v. Tanney*, 21 A.D.2d 342, 344–45, 250 N.Y.S.2d 304 (1964).

Affirmed.