16-80-cv
Minasian v. IDS Prop. Cas. Ins. Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand seventeen.

PRESENT: REENA RAGGI,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------

NIKOLAI MINASIAN, HARUTYUN MINASIAN,
*Plaintiffs-Appellants*,

v.                                                              No. 16-80-cv

IDS PROPERTY CASUALTY INSURANCE COMPANY, DBA AMERIPRISE INSURANCE COMPANY, STATE FARM FIRE & CASUALTY COMPANY,
*Defendants-Appellees*.

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:      BRETT ANDREW NADLER, Ballon Stoll Bader & Nadler, P.C., New York, New York.

APPEARING FOR APPELLEES:      ALFRED C. POLIDORE, Bruno, Gerbino & Soriano, LLP, Melville, New York, *for* IDS Property Casualty Insurance Company, DBA Ameriprise Insurance Company.

1

CHERYL F. KORMAN (Michael A. Troisi, Merril S. Biscone, Tamika N. Hardy, *on the brief*), Rivkin Radler LLP, Uniondale, New York, *for* State Farm Fire & Casualty Company.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 9, 2015, is AFFIRMED.

Plaintiffs Nikolai and Harutyun Minasian appeal from an award of summary judgment in favor of defendants IDS Property Casualty Insurance Company, doing business as Ameriprise Insurance Company, and State Farm Fire & Casualty Company, on plaintiffs' claims that defendants breached their insurance contracts by failing to pay for losses resulting from an alleged burglary of plaintiffs' property. We review an award of summary judgment *de novo* and will affirm only if the record, viewed in the light most favorable to the non-movant, shows no genuine issue of material fact and the movants' entitlement to judgment as a matter of law. *See Betances v. Fischer*, 837 F.3d 162, 171 (2d Cir. 2016). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court. *See Minasian v. IDS Prop. Cas. Ins. Co.*, No. 14-cv-10125 (KBF), 2015 WL 8485257 (S.D.N.Y. Dec. 9, 2015).

1.  Plaintiffs Failed To Provide Timely Notice

Timely notice is a condition precedent to insurance coverage under New York law, *see White v. City of New York*, 81 N.Y.2d 955, 957, 598 N.Y.S.2d 759, 760 (1993),

and the failure to provide such notice relieves the insurer of its coverage obligation, regardless of prejudice, *see Briggs Ave. LLC v. Ins. Corp. of Hannover*, 11 N.Y.3d 377, 381–82, 870 N.Y.S.2d 841, 842 (2008). A notice obligation is triggered when "the circumstances known to the insured . . . would have suggested to a reasonable person the possibility of a claim." *Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d 141, 143 (2d Cir. 1995). Where an insurance policy requires notice be given as soon as practicable, "such notice must be accorded the carrier within a reasonable period of time." *Great Canal Realty Corp. v. Seneca Ins. Co.*, 5 N.Y.3d 742, 743, 800 N.Y.S.2d 521, 522 (2005). On numerous occasions, New York courts have held notice delays of less than three months unreasonable as a matter of law and discharged insurers of coverage obligations. *See, e.g.*, *Young Israel Co-Op City v. Guideone Mut. Ins. Co.*, 52 A.D.3d 245, 246, 859 N.Y.S.2d 171, 172 (1st Dep't 2008) (40 days); *American Home Assurance Co. v. Republic Ins. Co.*, 984 F.2d 76, 78 (2d Cir. 1993) (36 days); *Power Auth. v. Westinghouse Elec. Corp.*, 117 A.D.2d 336, 339–40, 502 N.Y.S.2d 420, 421–22 (1st Dep't 1986) (26 days); *Government Emps. Ins. Co. v. Elman*, 40 A.D.2d 994, 994, 338 N.Y.S. 2d 666, 667 (2d Dep't 1972) (29 days); *Deso v. London & Lancashire Indem. Co. of Am.*, 3 N.Y.2d 127, 130, 164 N.Y.S.2d 689, 692 (1957) (51 days).

The parties agree that the three insurance policies here at issue respectively required the insured to provide notice of loss to the insurer "as soon as reasonably possible," "immediate[ly]," and "as soon as practicable." J.A. 71, 375, 424. They also agree that the alleged burglary occurred on January 1, 2014; that plaintiffs became aware of the burglary that day; and that plaintiffs did not notify defendants of their losses any

3

time before March 28, 2014. Plaintiffs do not dispute that they were aware of the policies' coverage.

The circumstances as of January 1, 2014, would thus have suggested to a reasonable person the possibility of a claim in light of the policies' theft coverage, and the 86-day delay that followed was unreasonable as a matter of law. As the district court concluded, these related determinations find support in the language of the policies. The same sections of the policies providing for notice to the insurer require notice to the police in case of theft—which plaintiffs did on the day of the burglary—suggesting that the insured is expected to contact both the insurer and the police in short order after discovering the loss of insured property. Moreover, the State Farm policies also require the insured to submit a formal proof of loss within 60 or 90 days after loss. The preliminary notice requirement that is the subject of this action can only reasonably be construed to require notice sooner than these formal notice requirements. Any different construction would render the preliminary notice requirement a nullity. *See Nautilus Ins. Co. v. Matthew David Events, Ltd.*, 69 A.D.3d 457, 460, 893 N.Y.S.2d 529, 532 (1st Dep't 2010).

Plaintiffs nevertheless argue—this time under the umbrella of the contention that the district court failed to construe the evidence in the light most favorable to them and resolved a disputed question of fact—that (1) their notice was timely, or (2) their delay should be excused because (a) they reasonably believed that the police investigation was ongoing and the jewelry might be located, and (b) they notified defendants promptly after learning that the police investigation was "closed." Appellant's Br. 12. Even

4

assuming plaintiffs held the professed belief in a possible recovery, that would not have prevented a "reasonable person" from suspecting "the possibility of a claim." *Sparacino v. Pawtucket Mut. Ins. Co.*, 50 F.3d at 143. Similarly, in light of policy provisions already discussed, such a belief cannot form a reasonable—and thus excusable—basis for notice delay. *See Power Auth. v. Westinghouse Elec. Corp.*, 117 A.D.2d at 340, 502 N.Y.S.2d at 422 ("No exception is made [to the timely notice requirement] for losses which . . . in the insured's estimation may not ultimately ripen into a claim."); *see also Heydt Contracting Corp. v. Am. Home Assurance Co.*, 146 A.D.2d 497, 499, 536 N.Y.S.2d 770, 772–73 (1st Dep't 1989).[1]

We also agree with the district court that plaintiffs' alleged lack of sophistication cannot excuse their notice delay, particularly in light of their ability to obtain insurance coverage over particular items and to secure appraisals for those items.[2]

2.    The Policies Are Unambiguous

Plaintiffs next argue that the term "covered loss" is ambiguous and must be construed against the insurers. *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88 (2d Cir. 2010), cited by plaintiffs to support this contention, is inapposite. That case dealt with a

---

[1] We note as well the distinction between the excuse of good-faith belief in nonliability—which is accepted by New York courts in the third-party insurance context because an insured has a good-faith belief that it will not require reimbursement from the insurer—and this case, which involves insureds who knew they had suffered a loss that had indisputably already occurred, whatever the chances for recovery. *See Cohoes Rod & Gun Club, Inc. v. Firemen's Ins. Co. of Newark*, 134 A.D.2d 782, 783, 521 N.Y.S.2d 836, 837 (3d Dep't 1987).

[2] Plaintiffs cite no New York precedent recognizing lack of sophistication as a reasonable excuse for failure to give timely notice.

policy's requirement to bring suit within a certain period of time after the date of loss, language that presented ambiguities related to when a cause of action accrues, which had produced different court interpretations. No such concern is present in this case. The term "covered loss" is unambiguous on its face. *See Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 355, 413 N.Y.S.2d 352, 355 (1978) (holding that no ambiguity exists where language has "definite and precise meaning, unattended by danger of misconception in the purport of the policy itself, and concerning which there is no reasonable basis for a difference of opinion"); *accord Federal Ins. Co. v. Int'l Bus. Machs. Corp.*, 18 N.Y.3d 642, 649, 942 N.Y.S.2d 432, 436 (2012). Indeed, that plaintiffs submitted claims at all proves that they recognized that the purportedly stolen items constituted covered losses. Thus, for the reasons detailed more fully by the district court, we also conclude that "[n]o reasonable person could interpret this language to mean that a known theft of property only becomes a covered loss once the police cease to conduct an active investigation." *Minasian v. IDS Prop. Cas. Ins. Co.*, 2015 WL 8485257, at *10.

3.    Conclusion

We have considered plaintiffs' other arguments and conclude that they are without merit. Accordingly, we AFFIRM the grant of summary judgment to defendants.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6