18-1012-cv
N.Y. State Elec. & Gas Corp. v. Century Indem. Co. et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

NEW YORK STATE ELECTRIC &
GAS CORPORATION,

*Plaintiff-Appellant*,

v.                                              No. 18-1012-cv

CENTURY INDEMNITY COMPANY,
ONEBEACON AMERICA INSURANCE
COMPANY,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:                        DAVID L. ELKIND, Anderson
                                      Kill P.C., Washington, DC
                                      (Joseph M. Saka, Lowenstein
                                      Sandler LLP, Washington, DC,
                                      *on the brief*).

FOR APPELLEE CENTURY                  JONATHAN D. HACKER,
INDEMNITY COMPANY:                    O'Melveny & Myers LLP,
                                      Washington, DC (Bradley N.
                                      Garcia, O'Melveny & Myers
                                      LLP, Washington, DC, Robert
                                      F. Walsh, White and Williams
                                      LLP, New York, NY, *on the
                                      brief*).

FOR APPELLEE ONEBEACON                KEVIN J. O'CONNOR, (Peter C.
AMERICA INSURANCE                     Netburn, Michael C. Kinton, *on
COMPANY:*                             the brief*), Hermes, Netburn,
                                      O'Connor & Spearing, P.C.,
                                      Boston, MA.

Appeal from a judgment of the United States District Court for the

Northern District of New York (Thomas J. McAvoy, *Judge*).

New York State Electric & Gas Corporation (NYSEG) appeals from a

judgment of the District Court granting summary judgment to Century

Indemnity Company and OneBeacon America Insurance Company (together, the

Insurers) and dismissing the case.   NYSEG brought suit against the Insurers,

seeking indemnity for costs associated with investigating and remediating contamination at twenty-two former manufactured gas plant (MGP) sites. The Insurers contend primarily that they are not obligated to indemnify NYSEG because NYSEG provided them late notice of occurrence. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1.    Waiver

NYSEG argues that Century and OneBeacon each waived its right to disclaim coverage on late-notice grounds. To demonstrate waiver, NYSEG "must put forward evidence of a clear manifestation of intent to waive by the other party." Globecon Grp., LLC v. Hartford Fire Ins. Co., 434 F.3d 165, 176 (2d Cir. 2006) (quotation marks omitted); see also KeySpan Gas E. Corp. v. Munich Reins. Am., Inc., 23 N.Y.3d 583, 591 (2014). NYSEG has not done so.

For Century, NYSEG points to a letter drafted by a claims handler for Century's predecessor. The draft letter disclaimed coverage for all sites, including on late-notice grounds, but was never sent to NYSEG. NYSEG argues that the decision not to send the letter constituted a waiver. But NYSEG does

3

not dispute that the claims handler simply copied and pasted a different disclaimer letter, stopped work without making a coverage decision when he realized that NYSEG had not asked Century to take action on the sites, and never presented the letter to anyone for approval. An unreviewed, unsent letter cannot have "lulled [NYSEG] into sleeping on its rights," Globecon, 434 F.3d at 176 (quotation marks omitted), especially where Century generally reserved its rights under the policy and informed NYSEG that one issue could be "[w]hether late notice bars coverage," App'x 1176.

NYSEG claims that OneBeacon waived its late-notice defense because it denied coverage on late-notice grounds under a different policy but did not specifically disclaim coverage on late-notice grounds under the policy at issue here. But neither NYSEG nor OneBeacon was able to locate the relevant policy until the start of this litigation. OneBeacon therefore did not have knowledge of the facts upon which the existence of its right to disclaim coverage under the relevant policy depended. See S. & E. Motor Hire Corp. v. N.Y. Indem. Co., 255 N.Y. 69, 72 (1930) ("[W]aiver is an intentional relinquishment of a right and ordinarily must be predicated upon full knowledge of all the facts upon which

4

the existence of the right depends."); Granite State Ins. Co. v. Transatl. Reins. Co., 19 N.Y.S.3d 13, 18 (1st Dep't 2015) (waiver could not be established as a matter of law where it was unclear when a party obtained full knowledge of the terms of a reinsurance transaction); cf. Emp'rs Ins. of Wausau v. Duplan Corp., No. 94-CV-3143 (CSH), 1999 WL 777976, at *39 n.20 (S.D.N.Y. Sept. 30, 1999) (an insurer did not abandon other defenses to missing policy when it argued that no policy had been produced). In any event, OneBeacon explicitly reserved all of its rights under the relevant policy even though it was initially unable to locate it.

2. Late Notice of Occurrence

Under New York law, compliance with the notice provisions of an insurance contract is a condition precedent to an insurer's liability. See Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc., 822 F.2d 267, 271 (2d Cir. 1987); Great Canal Realty Corp. v. Seneca Ins. Co., 5 N.Y.3d 742, 743 (2005). Both Century's and OneBeacon's policies required NYSEG to provide notice of an occurrence. While NYSEG and OneBeacon dispute whether NYSEG owed OneBeacon notice of an occurrence "as soon as practicable" or only once NYSEG reasonably should have known that liability from the

5

occurrence was likely to implicate OneBeacon's policy, we need not resolve the issue because, under either standard, we agree that NYSEG failed to provide timely notice of occurrence to the Insurers.

NYSEG reasonably should have known of occurrences at all its MGP sites by July 1991 at the latest. All of NYSEG's MGP sites had historically engaged in the production of manufactured gas and produced the same contaminating wastes. Evidence of contamination at a number of MGP sites should have alerted NYSEG to the likelihood of contamination at others. In 1981 NYSEG had already signed a consent order with the New York State Department of Environmental Conservation (DEC) to remediate hazardous waste at one of the MGP plants; in 1982 NYSEG notified the United States Environmental Protection Agency that twenty-two of its MGP sites contained potentially hazardous waste; in December 1986 NYSEG reported contamination at every site for which investigation had advanced enough to reach a conclusion; in 1987 the DEC told NYSEG that MGP sites were categorically "a significant contamination problem"; by 1989 NYSEG had projected $25 million in costs to investigate and remediate twenty-three MGP sites; and by July 1991 NYSEG's investigations had either

confirmed or indicated contamination at twenty-one of the twenty-two sites at issue in this case.

NYSEG hardly disputes that it should have known of occurrences at its MGP sites. It instead argues that it could not have reasonably known that the Insurers' policies would be implicated because, under New York's pro rata allocation rule, the Insurers' policies would not have been triggered until allocated damages for a site exceeded $20,000 per year, which for one representative site required $1,960,000 in damages. But the New York Court of Appeals did not establish the pro rata allocation rule until 2002, see Consol. Edison Co. of N.Y. v. Allstate Ins. Co., 98 N.Y.2d 208, 223 (2002), and NYSEG points to no evidence suggesting that, during the relevant period, it was reasonable for it to believe that a pro rata allocation rule applied to the Insurers' contracts.

Because NYSEG reasonably should have known of occurrences likely to implicate the Insurers' policies at all its MGP sites by July 1991 at the latest, its November 1991 notice to the Insurers was untimely as a matter of law. See Am. Home Assurance Co. v. Republic Ins. Co., 984 F.2d 76, 78 (2d Cir. 1993). The

7

District Court therefore correctly held that NYSEG provided late notice of occurrence to Century and OneBeacon for all sites, and it was justified in dismissing the case in its entirety.

We have considered NYSEG's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court