■ HEYDT CONTRACTING CORPORATION, Respondent, v AMERICAN HOME ASSURANCE COMPANY, Appellant, et al., Defendants.—Order of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered on June 27, 1988, which denied the motion by defendant American Home Assurance Company for summary judgment pursuant to CPLR 3212 without prejudice to renewal after completion of discovery, is unanimously reversed on the law and the motion for summary judgment dismissing the complaint against defendant American Home Assurance Company is granted, with costs and disbursements.

Plaintiff commenced this action against defendant-appellant American Home Assurance Company and others to recover for damage to certain of its property caused by a fire which took place on June 25, 1986 at a construction site at Seven World Trade Center in Manhattan. The only claim asserted against American Home Assurance Company is set forth in the first cause of action wherein it is alleged that defendant issued a policy of insurance to plaintiff covering all risks of loss in an amount not exceeding $1,851,971 per occurrence, that this policy was in full force and effect on the date of the fire and that plaintiff suffered damage of at least $1,000,000, no part of which has been paid despite being duly demanded. In that regard, defendant's refusal to compensate plaintiff for its loss is based upon plaintiff's purported failure to comply with a provision in the contract requiring that the "insured shall as soon as practicable report in writing to the Company or its agent every loss, damage or occurrence which may give rise to a claim under the policy". It is undisputed that plaintiff learned of the damage to its property on the day of the fire, June 25, 1986, but did not give notice of the loss to

defendant until November 3, 1986, 131 days later. The reason for the delay in advising American Home Assurance Company of the loss, as explained by plaintiff's vice-president, Rod Hilgeman, during his examination before trial, was that plaintiff originally believed that its damages would be paid by defendants Tishman Construction Corporation and Silverstein Development Corporation/Silverstein Properties, Inc. or their insurance carriers. Plaintiff contends that its notice of claim was, therefore, as timely as practicable under the circumstances and, moreover, that defendant had actual immediate notice of the fire from one of its agents or employees.

The law is settled that an insurer is not obligated to pay for the loss of its insured in the absence of timely notice in accordance with the terms of the policy *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Power Auth. v Westinghouse Elec. Corp.,* 117 AD2d 336). As the Court of Appeals declared in *Security Mut. Ins. Co. v Acker-Fitzsimons Corp. (supra,* at 440), "[n]otice provisions in insurance policies afford the insurer an opportunity to protect itself * * * and the giving of the required notice is a condition to the insurer's liability. * * * Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy * * * and the insurer need not show prejudice before it can assert the defense of noncompliance". In *Power Auth. v Westinghouse Elec. Corp. (supra,* at 339), this court noted that "[w]ithout timely notice, an insurer may be deprived of the opportunity to investigate a claim and is rendered vulnerable to fraud. Late notification may also prevent the insurer from providing a sufficient reserve fund. * * * For these reasons, '[t]he right of an insurer to receive notice has been held to be so fundamental that the insurer need show no prejudice to be able to disclaim liability on this basis' ".

A provision that notice be accorded "as soon as practicable" mandates that notice be given within a reasonable time under the circumstances *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra; Power Auth. v Westinghouse Elec. Corp., supra).* Although "the phrase 'as soon as practicable' is an elastic one, not to be defined in a vacuum", and "there is no inflexible test of reasonableness" *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19), the insured has the burden of demonstrating that the delay in question was reasonable *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra).* In *Power Auth. v Westinghouse Elec. Corp. (supra,* at 339-340), this court observed that while "what is reasonable is ordinarily left for determination at trial, where there is no excuse for the delay and

mitigating considerations are absent, the issue may be disposed of as a matter of law in advance of trial. * * * Relatively short periods of unexcused delay have been found unreasonable as a matter of law. *(See, e.g., Deso v London & Lancashire Indem. Co.,* 3 NY2d 127 [51 days]; *Rushing v Commercial Cas. Ins. Co.,* 251 NY 302 [22 days]; *Haas Tobacco Co. v American Fid. Co.,* 226 NY 343 [10 days].)" The delay involved in *Power Auth. v Westinghouse Elec. Corp. (supra),* and which was deemed therein to be unreasonable as a matter of law, was 53 days.

In the instant situation, not only was the delay in withholding notice a long one, is excess of four months, but plaintiff does not urge that it was at anytime unaware that a fire had taken place on the construction site. *(See, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* in which the Court of Appeals held that lack of knowledge of the occurrence or a good-faith belief of nonliability may constitute an acceptable excuse for the failure to provide timely notice.) Indeed, plaintiff apparently knew about the fire almost immediately and took no action to inform defendant insurance company for 131 days simply because it was relying upon the carriers of the building owner and/or construction manager for compensation. However, plaintiff's assumption that other parties would bear ultimate responsibility for its property loss is insufficient as a matter of law to excuse the more than four-month delay in giving notice. The fact that a particular occurrence may not in the end result in a ripened claim does not relieve the insured from advising the carrier of that event, and plaintiff's policy with defendant dictates that timely written notice be provided whenever a claim "may" arise. Thus, the mere possibility of a claim should have alerted plaintiff to the necessity of promptly informing its insurance carrier of the fire and its loss therefrom. In addition, it is entirely irrelevant whether defendant obtained immediate independent knowledge of the incident of June 25, 1986. The fact that the carrier may have learned about the fire on its own does not mean that it was aware of the attendant damage to plaintiff's property. Even more significantly, plaintiff does not cite any legal authority for the proposition that an insured may dispense with timely written notice if the insurer acquires independent knowledge of the underlying occurrence. Since plaintiff was required to comply with its contractual obligation to serve timely notice regardless of any actual knowledge by defendant, further discovery would serve no useful purpose. Consequently, defendant American Home Assurance Company

is entitled to summary judgment dismissing the complaint as against it. Concur—Murphy, P. J., Ross, Milonas, Ellerin and Smith, JJ.