■ MORGAN AND BROTHER MANHATTAN STORAGE COMPANY, INC., Appellant, v GRE INSURANCE GROUP et al., Respondents. [632 NYS2d 17] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about October 18, 1994, which, on the parties' respective motions for summary judgment in a declaratory judgment concerning whether defendant insurers are obligated to defend and indemnify plaintiff warehouse, declared that defendants are not so obligated, unanimously affirmed, with costs.

Plaintiff's obligation to give defendant written notice of "every loss, damage or occurrence which may give rise to a claim under this policy" is not rendered ambiguous by the policy provision authorizing plaintiff to itself adjust any claim for less than $750. Documentary evidence established plaintiff's knowledge of the loss as early as $4^1/2$ years before it gave notice, and an intervening event some two years before revealed that the loss was continuing. Plaintiff's excuse that it had no reason to believe that its exposure was more than $750 until its customer actually provided it with a statement of loss, and that it had good reason to believe that a potential exposure of less than $750 was exempt from the policy's notice requirement, is insufficient as a matter of law to excuse the delay (see, Heydt Contr. Corp. v American Home Assur. Co., 146 AD2d 497, 499, lv dismissed 74 NY2d 651). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.

■ FREDERICK MODELL et al., Appellants, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [632 NYS2d 464] —Order, Supreme Court, New York County (Helen Freedman, J.), entered June 19, 1995, which, insofar as appealed from, denied petitioners' motion to enjoin respondents from terminating transitional care, unanimously affirmed, for the reasons stated in New York Council for Exceptional People v Pataki (220 AD2d 236 [decided herewith]), without costs. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.