■ NEW YORK COUNCIL FOR EXCEPTIONAL PEOPLE et al., Appellants, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [632 NYS2d 531] —Order, Supreme

Court, New York County (Helen Freedman, J.), entered on or about June 13, 1995, which, *inter alia,* declared that plaintiffs are not entitled to transitional care funding by defendants, unanimously affirmed, without costs.

The lack of merit to plaintiffs' claim that they are entitled to continued transitional care funding is demonstrated by the plain words of Social Services Law article 8-B, which provides that localities such as the defendant City "may" provide the funding that plaintiffs seek herein (Social Services Law § 466 [2]) and that defendant State's responsibility prior to 1999 is "reimbursement" for 60% of the localities' expenditures *(ibid.),* and of Laws of 1994 (ch 600, § 16), which provides that the statute shall not be "deemed or construed to create any right, interest or entitlement for any individual to receive mental hygiene, education or social services funds or services, or placement in a mental hygiene facility, or any other right, interest or entitlement to services, funds or placement". Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.