SUMMARY ORDER

Eastern Baby Stores, Inc., cl/b/a USA Baby (“EBS”) appeals from a June 3, 2008, 2008 WL 2276527, judgment entered in the United States District Court for the Southern District of New York (Preska, J.) in favor of the Central Mutual Insurance Company (“Central Mutual”). EBS seeks a declaratory judgment that Central Mutual has a duty to defend and indemnify EBS in a third-party action brought by Silver Lake Realty Corp. (“Silver Lake”) against EBS for indemnification and contribution. The district court held that EBS is not entitled to coverage because it failed to provide timely notice and that its omission was not excused by a good faith belief in non-liability. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
We review de novo the district court’s decision granting Central Mutual’s motion for judgment on the pleadings and denying EBS’s motion for summary judgment. See In re World Trade Ctr. Disaster Site Litig., 521 F.3d 169, 178 n. 5 (2d Cir.2008); *12 Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 107 (2d Cir.2008).
“Under New York law, compliance with a notice-of-occurrence provision in an insurance policy is a condition precedent to an insurer’s liability under the policy.” Commercial Union Ins. Co. v. Int’l Flavors & Fragrances, Inc., 822 F.2d 267, 271 (2d Cir.1987); see also Great Canal Realty Corp. v. Seneca Ins. Co. (Great Canal), 5 N.Y.3d 742, 743, 800 N.Y.S.2d 521, 833 N.E.2d 1196 (2005). An insured’s failure to provide timely notice of an occurrence vitiates an insurance contract and permits the insurer to disclaim coverage regardless of whether it was prejudiced. See Olin Corp. v. Certain Underwriters at Lloyd’s London, 468 F.3d 120, 132 (2d Cir.2006); Great Canal, 5 N.Y.3d at 744, 800 N.Y.S.2d 521, 833 N.E.2d 1196. “Where a policy of liability insurance requires that notice of an occurrence be given ‘as soon as practicable,’ such notice must be accorded the carrier within a reasonable period of time.” Great Canal, 5 N.Y.3d at 744, 800 N.Y.S.2d 521, 833 N.E.2d 1196 (internal citation omitted).
Notwithstanding the notice requirement, “New York courts have held that an insured’s good faith belief in non-liability may excuse delay in notifying its insurer of the occurrence.” State of N.Y. v. Blank, 27 F.3d 783, 795 (2d Cir.1994); see also Great Canal, 5 N.Y.3d at 744, 800 N.Y.S.2d 521, 833 N.E.2d 1196. “The test for determining whether the notice provision has been triggered is whether the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim.” Commercial Union Ins., 822 F.2d at 272. It is relevant to this analysis “whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence.” Great Canal, 5 N.Y.3d at 744, 800 N.Y.S.2d 521, 833 N.E.2d 1196 (internal quotation marks and citations omitted). The insured bears the burden of establishing that its belief in non-liability was reasonable. Id.
It is undisputed that EBS learned of Dennis Guariglia’s accident in its store on August 20, 2003, and that it did not inform Central Mutual until June 2006. The Central Mutual Businessowners Policy required EBS to provide notice “as soon as practicable of an ‘occurrence’ ... which may result in a claim.” [1] Under New York law, a delay of three years is not reasonable. See Blank, 27 F.3d at 796 (ten-month delay unreasonable); Am. Home Assurance Co. v. Republic Ins. Co., 984 F.2d 76, 78 (2d Cir.1993) (finding 36-day delay unreasonable under circumstances and citing New York cases holding delays of ten to 53 days unreasonable).
EBS argues that it reasonably believed that its workers’ compensation policy would cover any liability. But EBS has failed to come forward with any evidence of that reason. The only affidavit submitted to the district court (by former EBS owner and principal Dean Alpert) says only that EBS provided notice when it learned of the lawsuit. Accordingly, EBS has not met its burden.
Moreover, EBS’s belief that Guariglia was entitled to workers’ compensation was not a reasonable basis for concluding that the accident was not “an ‘occurrence’ ... which may result in a claim.” EBS’s lease with Silver Lake required that it purchase liability insurance to indemnify Silver Lake for claims such as Guariglia’s. At the very least, EBS should have conducted an inquiry into the circumstances of *13 the accident, the extent of Guariglia’s injury, and its potential liability under its lease. See Macro Enters., Ltd. v. QBE Ins. Corp., 43 A.D.3d 728, 841 N.Y.S.2d 447, 447 (1st Dep’t 2007) (“Plaintiffs claimed belief of nonliability, on the basis that its injured employee’s exclusive remedy was under the Workers’ Compensation Law, was not reasonable under the circumstances.” (internal citation omitted)); Heydt Contracting Corp. v. Am. Home Assurance Co., 146 A.D.2d 497, 499, 536 N.Y.S.2d 770 (1st Dep’t 1989) (“[Pjlaintiffs assumption that other parties would bear ultimate responsibility for its property loss is insufficient as a matter of law to excuse the more than four-month delay in giving notice.”).
EBS also argues that it did not provide notice of the accident because it believed that coverage was unavailable based on an exclusion for “ ‘bodily injury’ to: 1) An ‘employee’ of the insured arising out of and in the course of: a) Employment by the insured; or b) Performing duties related to the conduct of the insured’s business.” See Reynolds Metal Co. v. Aetna Cas. & Sur. Co., 259 A.D.2d 195, 199-200, 696 N.Y.S.2d 563 (3d Dep’t 1999) (stating that “an insured’s good-faith belief in nonliability [or noncoverage], when reasonable under the circumstances, may excuse a delay in notifying an insurer of an occurrence or potential claim” (internal quotation marks and citations omitted)). However, a letter to Central Mutual from EBS’s former president argued that the exclusion should not apply because Central Mutual was “incorrect” about Guariglia being an EBS employee.
We have considered EBS’s remaining arguments and find them to be without merit. Because we agree with the district court’s conclusion that EBS failed to provide timely notice of Guariglia’s accident, we do not reach Central Mutual’s alternative grounds for disclaiming coverage. The judgment of the district court is AFFIRMED.

. The policy defined “occurrence” as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions.”