■ 1014 Fifth Avenue Realty Corp., Appellant, v Manhattan Realty Company, Respondent. — Order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered on October 16, 1984, which denied plaintiff's motion for summary

judgment, is reversed, on the law, and the motion for summary judgment is granted, with costs and disbursements.

Plaintiff, as tenant, entered into a lease for certain premises located at 820 Madison Avenue in Manhattan for an initial term of 25 years, commencing March 1, 1969 and ending February 1, 1994, with two renewal options for 21 years each. In addition, the lease granted plaintiff an option to purchase the property at any time during the first 15 years, or prior to March 1, 1984, for $425,000. Of that amount, $25,000 would be due upon the execution of a written contract of sale, $50,000 at the closing of title, and the remaining $350,000 would be payable by a 15-year purchase-money mortgage at 6% interest plus amortization. The right to exercise this option was predicated upon "the faithful performance by the Lessee of all the covenants, conditions and agreements required to be performed" by plaintiff under the lease. Accordingly, on August 19, 1983, plaintiff advised defendant of its intent to purchase and to close title in January or February of 1984. Then on December 13, 1984, plaintiff gave the lessor a contract of sale, a $25,000 bank check, and the proposed mortgage note and mortgage for $350,000. By letter dated December 28, 1983, defendant rejected the tender as "inappropriate under the circumstances." The instant action seeking specific performance of the agreement ensued.

In opposition to plaintiff's motion for summary judgment, defendant claims that the lessee did not faithfully perform all of the provisions of the lease, including those requiring the payment of rent and other special payments. It is defendant's contention that the various late rental and other payments, as well as other alleged breaches (such as the failure to provide the lessor with a copy of all subleases, a copy of the lessee's profit and loss statements, neglecting to maintain the property in proper repair and noncompliance with governmental laws and regulations), preclude plaintiff from exercising the option to purchase. Special Term denied the motion for summary judgment, finding that there were questions of fact regarding plaintiff's faithful performance of the terms of the lease.

Pursuant to the lease, the renewal options can be forfeited only in the event that final judgment has been entered against the lessee in summary proceedings or an action of ejection. The lease can be terminated for (1) a default in payment of rent if, following the tenth day of the month, there is no compliance with a five-day written notice from the lessor, or (2) the failure to cure other violations of the agreement within 30 days after notice and demand. Although the lease did contain the standard nonwaiver of rights clause, defendant never declared plaintiff to

be in default nor gave any notice to cure. Moreover, only a relatively small number of payments were ever late and, at most, the delay was merely for a few days. All payments were accepted by the lessor without protest.

In *Jefpaul Garage Corp. v Presbyterian Hosp.* (61 NY2d 442, 448), the Court of Appeals held that while acceptance of rent by a landlord from a tenant with knowledge of the latter's violation of the terms of the lease generally results in a waiver of the violation, "there is no necessary inconsistency in treating a party as a tenant by accepting the rent * * * but in also refusing to extend the lease for a further term * * * In the absence of some prejudice to the tenant, therefore, a waiver of the right to terminate the tenancy will not automatically result in a waiver of the conditions precedent to renewal."

However, defendant herein recognizes plaintiff's right to renew the lease but appears to draw a distinction between the renewal options, on the one hand, and the option to purchase, on the other. Thus, while defendant does not dispute that plaintiff is entitled to renew, it urges that any breaches by the lessee, no matter how minor or how long ago they occurred and notwithstanding the fact that the lessor took no action with regard thereto, mandated forfeiture of the option to purchase. Yet the same principles of law are applicable to both types of options. (*Blumenthal v 162 E. 80th Tenants,* 88 AD2d 871.) A condition of each renewal option is that the lessee "fulfill and duly perform the conditions, covenants and terms on its part to be performed." If the plaintiff's purported violations of the agreement do not preclude exercise of the option to renew, then these breaches are similarly insufficient to enable defendant to defeat the option to purchase on the basis of lack of faithful performance.

The law is clear that equity will intervene to prevent a forfeiture occasioned by a trivial or technical breach. (*Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573.) Courts are reluctant to deny equitable relief where the violation in question has neither harmed nor prejudiced the landlord and was not due to bad faith. (*Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449; *see also, J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392.) Even assuming, therefore, that the breaches complained of by defendant do indeed constitute noncompliance with the "faithful performance" requirement of the lease, "the allegations are *de minimis* in nature", and the landlord "has failed to show any prejudice resulting from the tenant's alleged breach of the terms of the lease." (*Restoration Realty Corp. v Robero,* 58 NY2d 1089, 1091.) Concur — Sandler, J. P., Ross, Asch and Milonas, JJ.

Rosenberger, J., dissents in a memorandum as follows: I dissent. The option here provides that the purchase price shall be $425,000; payable $25,000 on contract, $50,000 on closing, and $350,000 by a 15-year purchase-money mortgage with interest at 6%. The defendant is thus called upon to lend the plaintiff a considerable sum of money for a considerable period.

The violations of the lease alleged by the defendant go beyond mere late payments of rent, which were concededly accepted. Included as alleged failures of "faithful performance" are: late payments of real estate taxes, vault taxes, water bills, insurance premiums, etc. Some of these were not paid until after defendant's mortgagee had threatened foreclosure, the City of New York had threatened in rem proceedings, and on at least one occasion when defendant sent plaintiff a notice terminating the lease for nonpayment of additional charges. Also included as such failures are violations placed against the premises by the City of New York. Some of these apparently remained open for more than on year. The lease provided that plaintiff would keep the premises in good order and repair and comply with all laws, orders, regulations, etc.

In the circumstances, I do not feel that we can, as the majority does, view these alleged breaches as de minimis as a matter of law. This is particularly so when the result here will leave the defendant as plaintiff's creditor for 15 years. I would affirm the denial of summary judgment.