■ FERGANG HOLDING Co., Respondent-Appellant, v 165 FRONT STREET RESTAURANT CORP., Appellant-Respondent.—Appeal from order and judgment, Supreme Court, New York County (Wallach, J.), entered July 5, 1984, which, in this

declaratory judgment action, *inter alia,* granted plaintiff landlord's cross motion for summary judgment, and held that the defendant tenant's exercise of its option to purchase the premises was ineffective and expired, is dismissed as subsumed into a subsequent order of the same court and Justice, entered January 15, 1985, which, upon granting plaintiff's motion and defendant's cross motion for reargument, *inter alia,* adhered to the prior order and judgment, is unanimously modified, on the law, to the extent of declaring that the defendant's exercise of the option to purchase the premises is sustained and effective, and otherwise affirmed, without costs.

The parties entered into a 15⅓-year lease commencing November 3, 1978 through February 28, 1994, for commercial premises located at 165 Front Street in the South Street Seaport Historic District of Manhattan. Paragraph 41 of the lease required that the tenant carry specific policy limits of fire and liability insurance. The landlord paid a fire insurance premium on the tenant's behalf because the tenant had failed to do so as required under the lease. On November 17, 1983, the landlord served the tenant with a notice of default, pursuant to paragraph 45 (b) of the lease, for failure to fulfill its insurance obligations under paragraph 41. The notice stated that the tenant breached its duty of providing the landlord with copies of its insurance policies. The notice also stated that the tenant was in default for failing to reimburse the landlord for the fire insurance premium. The notice gave the tenant a 15-day opportunity to cure the default. The tenant subsequently reimbursed the landlord for the fire insurance premium. It is undisputed that, up until that time, the tenant did not maintain adequate liability insurance as required under the terms of the lease.

Paragraph 45 of the lease requires that the default notice "specif[y] the nature of such default." The default notice, however, did not state insufficient liability insurance as one of the grounds for default. The landlord purportedly issued a notice of termination to the tenant on December 21, 1983. Special Term held that because of the inadequacy of the default notice, the subsequent notice of termination was invalid. The landlord concedes on this issue. The issue before this court is whether the tenant's exercise of the option to purchase was effective.

Paragraph 52 of the lease states that "[p]rovided the Tenant is not in default of any of the terms, covenants or conditions of [the] Lease", the tenant has the option to purchase the premises for $375,000, with written notice of exercise of the

option not to be given later than February 28, 1984. The tenant did obtain the necessary fire and liability insurance and apprised the landlord of its existence in December 1983.

On February 21, 1984, the tenant, in accordance with the terms of the lease, gave written notice to the landlord of its exercise of the option to purchase. Special Term, in effect, held that even if the necessary insurance was in place at the time of the tenant's exercise of the option, such exercise was ineffective. It upheld the landlord's position that because the tenant failed to deliver copies of the insurance policies to the landlord, the tenant was in default of its insurance obligations under the lease. It therefore was prohibited from exercising the option to purchase. We modify and hold that the tenant's failure to deliver the copies of the insurance policies to the landlord was a nonmaterial breach of the lease. As such, the option to purchase was effectively exercised.

This court has held that equity will not allow a forfeiture because of "a trivial or technical breach." *(1014 Fifth Ave. Realty Corp. v Manhattan Realty Co.,* 111 AD2d 78, 80.) Here, the tenant's failure to deliver copies of the insurance policies did not harm nor prejudice the landlord. In fact, the tenant purchased this particular insurance from the landlord's insurance broker. The landlord surely had access to the policies. In addition, the landlord collected rent from the tenant for a period of five years following the notice of default, plus rent for December 1983, January 1984 and February 1984. The landlord has failed to prove that the tenant's noncompliance with the lease requirements was anything more than " '*de minimis* in nature' ". *(Supra,* at p 80, quoting *Restoration Realty Corp. v Robero,* 58 NY2d 1089, 1091.) Inasmuch as the lease was in full force and effect, this court declares the tenant's exercise of its option to purchase effective and sustained. Concur—Kupferman, J. P., Sandler, Asch, Bloom and Rosenberger, JJ.