■ FERGANG HOLDING CO. v 165 FRONT STREET RESTAURANT CORP.—Plaintiff-respondent's motion for reargument is granted, the order of this court, entered January 2, 1986 (116 AD2d 455), which, in this declaratory judgment action, modified the order of the Supreme Court, New York County (Richard Wallach, J.), entered January 15, 1985, to the extent of declaring that the defendant-appellant's exercise of the option to purchase the premises is sustained and effective, and otherwise affirmed, withdrawn, and, upon reargument, the order and judgment of the court is modified to deny the plaintiff-respondent's cross motion for summary judgment, without costs.

The court at Special Term granted plaintiff-respondent landlord's cross motion for summary judgment and held that the defendant-appellant tenant's exercise of its option to purchase the premises was ineffective and had expired for failure to comply with fire and liability insurance provisions in the lease and that, accordingly, because of the default, the tenant had lost its option to purchase.

We originally modified *(supra),* to hold that the technical breaches were nonmaterial and that, therefore, the option to purchase was effectively exercised, and granted summary judgment to the defendant-appellant tenant. We cited *1014*

*Fifth Ave. Realty Corp. v Manhattan Realty Co.* (111 AD2d 78, 80), to the effect that "equity will not allow a forfeiture because of 'a trivial or technical breach.' " *(Supra,* p 457.)

In the interim, the Court of Appeals reversed our determination in *1014 Fifth Ave.* (67 NY2d 718) and denied the plaintiff's motion for summary judgment there on the ground that it could not be deduced from the affidavits alone that the deviations were de minimis, and thus leaving the parties to trial.

Accordingly, we grant reargument and withdraw our determination in this matter and modify to deny the cross motion for summary judgment. Concur—Kupferman, J. P., Sandler, Asch and Rosenberger, JJ.