■ METROPOLITAN TRANSPORTATION AUTHORITY, Appellant, v KURA RIVER MANAGEMENT, LTD., Respondent. [739 NYS2d 668] —Order of the Appellate Term of the Supreme Court, First Department, entered September 1, 2000, affirming a judgment of Civil Court, New York County (Faviola Soto, J.), entered July 9, 1999, which, after nonjury trial, had dismissed petitioner landlord's holdover proceeding against respondent commercial tenant, unanimously affirmed, with costs.

Petitioner's claim, that it properly terminated this valuable 50-to-100-car garage lease with 27 years remaining on the term because of the tenant's alleged failure to acquire and maintain the required kind of insurance, was properly rejected by the trial court and the majority at Appellate Term on the ground that the notice of default had not given adequate notice of such claim, even when we apply the liberal standard of "reasonableness" (*cf.*, *Hughes v Lenox Hill Hosp.*, 226 AD2d 4, 17, *lv denied* 90 NY2d 829). It is also worth noting that during the six-day trial of the holdover proceeding, petitioner offered no proof of any insurance coverage deficiency, whereas respondent (gratuitously, under our analysis) supplied evidence of insurance coverage in conformity with the lease requirements. Thus, the record indicates that the default alleged in the landlord's notice had in fact been cured.

Petitioner's surviving argument, that it justifiably terminated the lease for respondent's failure to name the recently assigned landlord and its newly designated managing agent as additional insureds on the policies, is also unavailing. Such omission was not, in the circumstances presented here, a material breach of the lease warranting a forfeiture (*see*, *Fergang Holding Co. v 165 Front St. Rest. Corp.*, 116 AD2d 455, *mod to deny summary judgment* 119 AD2d 496). Concur—Tom, J.P., Andrias, Rosenberger, Ellerin and Wallach, JJ.