(February 24, 2011)

■ DLJ Mortgage Capital Corp., Inc., Respondent, v Fairmont Funding, Ltd., Appellant. [920 NYS2d 1]—

Order, Supreme Court, New York County (Doris Ling-Cohan,

J.), entered July 16, 2009, which granted plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, with costs.

In this breach of contract action, plaintiff made a prima facie showing of entitlement to summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) by conclusively establishing that the subject mortgages qualified as early payment default (EPD) mortgages requiring repurchase under section 3.05 of the purchase, warranties and interim servicing agreement (Purchase Agreement).

The court concluded that plaintiff was not estopped from demanding the repurchase of the EPDs, noting that defendant's estoppel claim was deficient as a matter of law because its conduct in continuing to sell mortgages to plaintiff was not inconsistent with the terms of the Purchase Agreement and thus it could not establish that it changed its conduct because of any alleged oral modification of the Purchase Agreement or representation by plaintiff (*see Richardson & Lucas, Inc. v New York Athletic Club of City of N.Y.*, 304 AD2d 462 [2003]).

Waiver requires a "clear manifestation of an intent by [a party] to relinquish [a] known right" (*Courtney-Clarke v Rizzoli Intl. Publs.*, 251 AD2d 13, 13 [1998]). Here, the court properly rejected defendant's claim that plaintiff waived its right to require repurchase of the EPDs, noting that, while plaintiff did waive repurchase on four occasions between 2003 and 2005, each such waiver was a discrete event that did not promise another waiver, and that plaintiff had retained its rights under the Purchase Agreement.

Furthermore, the Purchase Agreement in effect in the period at issue specifically contains a written waiver of default provision. No such writing was produced by defendant (*Awards.com v Kinko's, Inc.*, 42 AD3d 178, 188 [2007], *affd* 14 NY3d 791 [2010]). Absent an express waiver in writing, defendant is precluded from establishing a waiver of the right to require repurchase of the EPDs. Concur—Sweeny, J.P., Catterson, Renwick and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31562(U).]**