Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered May 30, 2012, following a trial, declaring that plaintiffs were not in default under the *536 sublease, dismissing defendants’ affirmative defenses and counterclaims, and permanently enjoining defendant from taking any action to cancel or terminate the sublease and from otherwise interfering with plaintiffs’ possession and beneficial use and enjoyment of the building based on the default and cure notices, unanimously modified, on the law, the first and third affirmative defenses and the first and fourth counterclaims reinstated, and it is declared that plaintiffs defaulted under article 7 of the sublease based on two 2007 renovations and under article 6 by assigning the sublease while in default, and otherwise affirmed, without costs, and the matter is remanded for further proceedings to determine a remedy, other than forfeiture, for the defaults.
Contrary to the trial court’s finding, the evidence does not show a course of conduct by defendant that clearly manifested an intent to abandon or relinquish its right to enforce the noticed defaults under article 7 of the sublease, i.e., plaintiffs’ expenditures in excess of $50,000 for repair work to the building’s facade without providing plans or a performance bond (see DLJ Mtge. Capital Corp., Inc. v Fairmont Funding, Ltd., 81 AD3d 563 [1st Dept 2011]). However, defendant’s unreasonable delay in seeking to enforce those defaults resulted in a specific waiver of its right to enforce—with two exceptions. The notices of default as to the 2007 interior renovation of Harry’s Deli on the first floor of the building and the 2007 remodeling of a tenant space on the 10th floor were not unreasonably delayed. Although the defaults were breaches of a “substantial obligation of the tenancy” (see Haberman v Hawkins, 170 AD2d 377, 377-378 [1st Dept 1991] [internal quotation marks omitted]), they were not material breaches that would justify terminating the sublease (see e.g. Metropolitan Transp. Auth. v Kura Riv. Mgt., 292 AD2d 230 [1st Dept 2002]).
The notice of default under article 6, which prohibits the tenant from assigning the sublease without the landlord’s approval while in default of other provisions of the sublease, identified eight violations of article 7. Although defendant waived its right to enforce the article 7 defaults by its unreasonable delay in seeking to do so, the defaults existed at the time of the assignment. However, forfeiture of the sublease based on the improper assignment is unwarranted under the circumstances, especially because plaintiffs have asserted their willingness and ability to cure the default (see Zona, Inc. v Soho Centrale, 270 AD2d 12, 14 [1st Dept 2000]).
We have considered defendant’s remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Roman, JJ.