OPINION OF THE COURT
Per Curiam.
Final judgment entered July 25, 2012, reversed, with $30 costs, and final judgment awarded in favor of tenant dismissing the holdover petition.
The credible evidence adduced at trial does not adequately support the allegations of the holdover petition that the subject loft unit was deregulated by virtue of the predecessor owner’s 1987 “constructive purchase” of fixtures belonging to a prior tenant (Seery). Absent from petitioner landlord’s trial presentation was the requisite showing that Seery “abandoned the fixtures and the loft with rent unpaid in an amount exceeding the fair market value of the fixtures” (Matter of Swing v New *18 York City Loft Bd., 180 AD2d 529 [1992]; see also Multiple Dwelling Law § 286 [6]). Even were we to accept the trial court’s apparent finding that Seery legally abandoned the loft premises in or about October 1987 despite the continued occupancy of his then roommate, one McFadden, landlord failed to elicit any competent evidence tending to establish that at such time Seery owed rent in an amount exceeding the fair market value of any fixtures claimed to have been constructively purchased. Significantly, landlord has at no time identified or described the fixtures, and failed to offer any proper proof at trial as to their value, market or otherwise. No such proof of valuation is found in paragraph 7 of the rider to Seery’s 1980 lease agreement, which provided in general terms that Seery was “entitled to remunerations from [the prior] landlord in the amount of $2,000 . . . to be paid in full upon the termination of this lease.” This amorphous language, which gave no indication as to the consideration forming the basis for the unexplained “remunerations,” may fairly be read as a type of rent concession, but may not reasonably be interpreted so broadly as to constitute probative evidence of the projected value of unmentioned fixtures upon Seery’s purported abandonment of the loft premises some seven years later.
Further, the trial court erred to the extent it based its finding of deregulation upon the landlord’s claimed 1990 purchase of the improvements made by McFadden, Seery’s former roommate and the subsequent record tenant. That claim is not properly considered, since it was not advanced in the underlying termination notice used by landlord, which instead relied on the alleged 1987 constructive purchase of Seery’s improvements as the sole stated ground for the lease termination (see Metropolitan Transp. Auth. v Kura Riv. Mgt., 292 AD2d 230 [2002]; Spinale v 10 W. 66th St. Corp., 210 AD2d 85 [1994]). Notable also is that this new theory was not advanced by landlord on its case-in-chief, but only on rebuttal (see Hutchinson v Shaheen, 55 AD2d 833 [1976]). In any event, even if this alternative basis for eviction is properly considered, the court’s “so ordering” of a January 1990 stipulation settling an earlier holdover proceeding brought against McFadden — in which he agreed to surrender possession of the loft unit in exchange for a lump-sum payment of $5,000 and a waiver of past due use and occupancy, again with no direct mention of any sale of improvements — cannot be viewed as any form of “purchase” of McFadden’s improvements, if any, or otherwise be said to constitute a deregulating event.
*19 In sum, even when “due regard” is given to the views of the trial judge (see Carmine Ltd. v Gordon, 41 AD3d 196, 199 [2007]), we conclude that, under any fair interpretation of the evidence, landlord failed to establish that the loft unit is no longer subject to continued regulation under article 7-C of the Multiple Dwelling Law (the Loft Law).
Schoenfeld, P.J., Hunter, Jr., and Torres, JJ, concur.