BR 31, LLC, 
against
Steven Landess and Katllyn Llewellyn, Respondents-Tenants-Appellants, -and- "John Doe" and/or "Jane Doe," Respondents-Undertenants.



Tenants, as limited by their briefs, appeal from that portion of an order of the Civil Court of the City of New York, New York County (Anne Katz, J.), dated June 29, 2016, which denied their motion for summary judgment dismissing the petition in a holdover summary proceeding.




Per Curiam.
Order (Anne Katz, J.), dated June 29, 2016, insofar as appealed from, reversed, with $10 costs, tenants' motion for summary judgment dismissing the petition granted, and the matter is remanded for a hearing to determine the reasonable value of attorneys' fees due tenants.
This holdover proceeding, based upon allegations that the subject loft unit was deregulated by virtue of the predecessor owner's 2008 purchase of improvements belonging to a prior tenant (Nartowicz), should have been dismissed on tenants' motion for summary judgment.
The evidentiary proof submitted by tenants conclusively establishes that the 2008 transaction between the prior owner and Nartowicz did not constitute a sale of improvements that removed the unit from rent regulation (see Multiple Dwelling Law §§ 286[6] and 286[12]; see also Matter of Thorgeirsdottir v New York City Loft Bd., 77 NY2d 951, 953 [1991]). The 2008 written agreement relied upon by landlord, in which Nartowicz agreed to surrender possession of the loft unit and "remove all personalty" in exchange for $20,000, did not mention any improvements, and the prior landlord never filed a record of any sale of improvements as required by 29 RCNY 2-10. Thus the 2008 transaction cannot be viewed as any deregulating event (see 73 Tribeca LLC v Greenbaum, 44 Misc 3d 16 [2014]; Ryan v Salva Realty Corp., 2011 NY Slip Op 31918[U] [Sup Ct, New York County 2011]).
In opposition, landlord failed to raise any triable issue. Since the 2008 written agreement was clear and unambiguous, and contained a general merger clause, landlord's attempt to [*2]introduce extrinsic evidence tending to show that the parties contemplated a sale of improvements, should have been rejected (see Macy's Inc. v Martha Stewart Living Omnimedia, Inc., 127 AD3d 48, 55 [2015]; see also Innophos, Inc. v Rhodia, S.A., 38 AD3d 368, 369 [2007], affd 10 NY3d 25 [2008]). In any event, this extrinsic evidence, consisting of an affidavit by Nartowicz that contradicts his prior affidavit dated just nine days earlier, was obviously calculated to create a feigned issue of fact (see Saavedra v 89 Park Ave. LLC, 143 AD3d 615 [2016]). 
As the prevailing parties, tenants are entitled to recover their reasonable attorneys' fees pursuant to the lease and the reciprocal provisions of Real Property Law § 234, and the matter is remanded for an assessment on that issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 04, 2017