Jin Ming Chen v Insurance Co. of the State of Pa. (2018 NY Slip Op 07245)





Jin Ming Chen v Insurance Co. of the State of Pa.


2018 NY Slip Op 07245


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


7512 650142/14

[*1]Jin Ming Chen, Plaintiff-Appellant,
v
Insurance Company of the State of Pennsylvania, Defendant-Respondent.


Kenneth J. Gorman, P.C., New York (Kenneth J. Gorman of counsel), for appellant.
Seiger Gfeller Laurie LLP, New York (Elizabeth F. Ahlstrand of counsel), for respondent.



Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 30, 2017, adjudging defendant liable to plaintiff for $1,526,938 with costs and interest from May 2, 2016, the date of the order granting partial summary judgment to plaintiff, for $159,638.23, for a total award of $1,686,576.23, unanimously affirmed, without costs.
The specific interest-related questions at issue here did not become clear until after the May 2, 2016 order; only then did Supreme Court clarify that excess insurer defendant (ICSOP) was not liable to plaintiff for the first $1 million of the judgment. ICSOP's failure to articulate its position on interest issues earlier does not support a finding of waiver, which requires an indication of an intentional relinquishment of a known right that, except for the waiver, the waiving party would have enjoyed (see e.g. DLJ Mtge. Capital Corp., Inc. v Fairmont Funding, Ltd., 81 AD3d 563 [1st Dept 2011]). Nor will waiver be implied "unless the opposite party is misled to his or her prejudice into the belief that a waiver was intended" (57 NY Jur 2d, Estoppel, Ratification and Waiver § 89), and plaintiff did not suffer prejudice from ICSOP's delay, as Supreme Court made no decision about interest until it provided both parties an opportunity to brief their respective positions.
ICSOP's interest-related arguments were not impermissible under CPLR 2221(d), since Supreme Court granted leave to reargue for the very purpose of enabling the parties to address the interest issue. As the record does not show that the court granted relief under CPLR 5019(a), plaintiff's arguments about the scope of the court's authority under that statute are not relevant here.
Plaintiff's interpretation of the "follow form" provision in the ICSOP policy is not persuasive. He acknowledges that a following form policy is read in accord with the terms and conditions of the underlying policy (see e.g. Jefferson Ins. Co. of N.Y. v Travelers Indem. Co., 92 NY2d 363 [1998]). However, he does not adequately take into account that the "terms and conditions" of the underlying Arch policy include, in its Supplementary Payments provision, Arch's agreement to cover prejudgment interest "on that part of the judgment we pay," i.e., the first $1 million, and "all" postjudgment interest on the "full amount of any judgment." The actual ICSOP "follow form" provision, moreover, states: "Except for the . . . conditions
. . . of this policy, the coverage provided by this policy shall follow the terms, definitions, conditions and exclusions of the First Underlying Insurance Policy as shown in Item 4 of the Declarations." Among the "conditions" of the ICSOP policy is the "Maintenance of Underlying Insurance" provision, pursuant to which, and regardless of whether the insured actually maintained such underlying insurance, ICSOP's excess coverage would be triggered only upon exhaustion of the "limits of insurance of the Underlying Insurance shown in Item 4 of the Declarations," which "limits," in turn, were not reduced by, and thus included, the interest payments set forth in the Supplementary Payments provision.
We disagree that either Ragins v Hospitals Ins. Co., Inc. (22 NY3d 1019 [2013]) or Welsh [*2]v Peerless Cas. Co. (8 AD2d 373 [1st Dept 1959], affd 8 NY2d 745 [1960]) supports plaintiff's position, given key distinctions in the policy language at issue in those cases. Finally, we disagree that the ICSOP policy provisions regarding "Maintenance of Underlying Insurance" and "Ultimate Net Loss" encompassed underlying coverage only to the extent of the $1 million per occurrence the primary policy provided. The language of the policies do not support this interpretation, and instead supports ICSOP's position that its coverage obligations were meant to be excess to all aspects of coverage afforded by the primary policy — that is, not only the $1 million in coverage per occurrence, but also the Supplementary Payments, which, by their terms, did not reduce the Arch policy's insurance limits.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK