Little Cherry, LLC v Cherry St. Owner, LLC (2022 NY Slip Op 06322)

Little Cherry, LLC v Cherry St. Owner, LLC

2022 NY Slip Op 06322

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Singh, Kennedy, Mendez, JJ. 

Index No. 654136/16 Appeal No. 16622 Case No. 2021-03852 

[*1]Little Cherry, LLC, et al., Plaintiffs-Respondents,
v
Cherry Street Owner, LLC, et al., Defendants-Appellants.

Kasowitz Benson Torres LLP, New York (Paul M. O'Connor, III of counsel), for appellants.
Herrick, Feinstein LLP, New York (Scott E. Mollen of counsel), for Little Cherry LLC, respondent.
Cullen and Dykman LLP, New York (Samit G. Patel of counsel), for New York Community Bank, respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered April 9, 2021, which granted plaintiff Little Cherry, LLC's (Little Cherry) and plaintiff-intervenor New York Community Bank's (NYCB) motions for summary judgment on their causes of actions for a declaration that defendants cannot proceed as a matter of law with their development project without their consent as parties-in-interest, and an injunction to enjoin the development project from proceeding without their consent, unanimously affirmed, with costs.
The doctrine of law of the case precludes defendants from relitigating the issue whether Little Cherry and NYCB are "parties-in-interest" who must consent to the zoning lot merger (see Macmillan, Inc v CF Lex Assoc., 56 NY2d 386, 391 [1982]; Sea Trade Mar. Corp. v Hellenic Mut. War Risks Assn. [Bermuda] Ltd., 79 AD3d 601, 602 [1st Dept 2010], lv dismissed in part, denied in part 17 NY3d 783 [2011]). This Court affirmed the IAS court's previous determination that they were parties-in-interest (Little Cherry, LLC v Cherry St. Owner LLC, 174 AD3d 445 [1st Dept 2019]).
The IAS court correctly concluded that plaintiffs did not waive their rights to consent to future enlargements of the Combined Zoning Lot. The 2008 Waivers clearly manifested plaintiffs' intent to relinquish only their rights with respect to the merger of Lots 15 and 76, and did not waive any right to object to future zoning lot mergers (see DLJ Mtge. Capital Corp., Inc. v Fairmont Funding, Ltd., 81 AD3d 563 [1st Dept 2011]).
Nor did Recital B of the 2008 Zoning Lot and Development Agreement (ZLDA) waive plaintiffs' consent rights. The Recitals of the 2008 ZLDA were not binding on any party, particularly plaintiffs, who were not even parties to that agreement (see Grand Manor Health Related Facility, Inc. v Hamilton Equities Inc., 65 AD3d 445, 447 [1st Dept 2009]). In any event, Recital B simply noted that Lot 76 may be expanded, and did not refer to the possibility of a future zoning lot merger.
Contrary to defendants' contention, the injunction is not overbroad. The amended complaint, defendants' pre-application statement submitted to the Department of City Planning, and their own admissions make clear that the "Stern Development" is a project through which defendants would acquire property and development rights to develop an 80-story building on Lot 70, which would "cantilever" over the Combined Zoning Lot, requiring an expansion of the existing Combined Zoning Lot to include Lot 70. Thus, defendants' contention that the injunction bars all development or construction projects on Lot 76 and the adjoining property is unavailing. Rather, defendants may still proceed with their construction and development projects, as long as they do not require a further zoning lot merger or otherwise affect plaintiffs' property rights.
We have reviewed defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE [*2]SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022